ESTRELLA CARRERO SUÁREZ, demandante y recurrida, *v.* SERGIO SÁNCHEZ LÓPEZ, demandado y recurrente.

*Número:* R-71-145    *Resuelto:* 2 de diciembre de 1974

*B. Quiñones Elías* y *S. Quiñones Elías,* abogados del recurrente y peticionario.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

■ Esencia del debido proceso de ley es que nadie sea privado de su propiedad sin darle oportunidad de ser oído.

La concubina de un hombre unido en matrimonio a otra mujer instó ante la Sala de Aguadilla del Tribunal Superior, una acción pidiendo la disolución y liquidación de la comunidad de bienes entre ella y el hombre casado afectando el pleito tres inmuebles adquiridos por compra a los que les atribuye un valor global de $27,000 para el 19 de octubre de 1967, fecha de presentación de la demanda. Emplazado el concubino, única parte demandada, no hizo alegación alguna y 2 1/2 años

más tarde, el 7 de abril de 1970, se dictó sentencia en rebeldía adjudicando a la demandante "la mitad del valor en el mercado" de las tres fincas urbanas objeto de la reclamación. Pidió el demandado se dejara sin efecto la sentencia así dictada en moción en que alega haber sido engañado por la demandante quien a raíz de la presentación de la demanda le había dicho que no proseguiría el caso, razón por la cual no compareció él a defenderse; y que no tuvo ulterior noticia del asunto hasta tres años después (octubre, 1970) en que le notificaron mandamiento y aviso de subasta y demás papeles de ejecución de la sentencia. En el párrafo sexto de su solicitud de apertura el demandado informa al tribunal que "es casado en primeras nupcias con Doña Inés Cajigas Rosas desde el 7 de julio de 1957, y tiene defensas que levantar." La sala de instancia rehusó dejar sin efecto la sentencia y el demandado trajo un recurso de revisión que hemos tomado como *certiorari*. La parte recurrida, notificada de la expedición del auto desde el 1971 no ha formulado alegación alguna ante este Tribunal.

El Tribunal Superior bien pudo negarse a creer que el demandado hubiera dejado de comparecer y defenderse inducido por el engaño y falsa representación de la concubina demandante, sin incurrir en abuso de su discreción. Pero tenía ante sí una cuestión fundamental de debido proceso que no podía pasar por alto. En sus propias conclusiones había declarado que una de las fincas urbanas fue adquirida por el demandado recurrente en el año 1959 y que las otras dos fueron compradas por él sin que se exprese fecha de adquisición. El complicado estado civil del demandado muestra un concubinato de más de veintiún años de los cuales y durante los últimos trece ha estado legalmente casado con Inés Cajigas, y en ausencia de capitulaciones, tenía con ella constituida una sociedad de gananciales. A falta de contrato sobre los bienes dice el Art. 1267 del Código Civil, se entenderá el matrimonio contraído bajo el régimen de la sociedad legal de gananciales, en el que se aplican las reglas

del contrato de sociedad según declara el Art. 1298. Son bienes gananciales, entre otros, los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad bien para uno solo de los esposos; y los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos. Finalmente el Código Civil establece una presunción de ganancialidad al declarar en su Art. 1307 que se reputan gananciales todos los bienes del matrimonio, mientras no se prueba que pertenecen privativamente al marido o a la mujer, y por el Art. 1313 prohíbe al marido la donación, enajenación o gravamen de los bienes inmuebles pertenecientes a la sociedad de gananciales, sin el consentimiento expreso de la mujer, y en orden a impartir la mayor eficacia a esta prohibición dispone que "toda enajenación o convenio que sobre dichos bienes haga el marido en contravención a esta sección, y las demás dispuestas en este título o en fraude de la mujer, será nulo, y no perjudicará a ésta ni a sus herederos." (Art. 1313, 31 L.P.R.A. 3672.)

Considerando ese estado de derecho y el hecho de coexistir por unos trece años el concubinato y el matrimonio, la esposa Inés Cajigas debió ser traída al pleito como parte indispensable, emplazada y notificada de todos los procedimientos por si perjudicaren su derecho. Era aún más urgente e imperativo darle a ella participación en el caso en vista de que entre la presentación de la demanda y el juicio en rebeldía transcurrieron más de dos años sin que el marido defendiera al menos el derecho de la esposa. Hay en el marco de estos hechos la preterición de una parte que no ha tenido su día en corte y aun así sufre perjuicio en su derecho de propiedad. La acción civil de la concubina promoviendo la liquidación de una comunidad de bienes con un hombre legalmente casado aun cuando incluya al marido como única parte demandada, necesariamente afecta y somete el interés de la esposa en la sociedad de gananciales cuando según ocurre en

este caso la comunidad y la sociedad conyugal han coexistido en apreciable contemporaneidad. El derecho de la esposa arranca del régimen ganancial y claramente no depende de la elección de la concubina designándola o no demandada. A la luz del debido proceso de ley el inciso (d) de la Regla 15.3 de Procedimiento Civil que concede a la mujer facultad para defender su propio derecho, y si el marido dejare de defenderse, defender también el derecho de éste, cuando ella y el marido fueren *demandados* conjuntamente, debe leerse como requiriendo la intervención de la esposa a defender su interés y aun el de su marido en toda acción que les *afecte* conjuntamente, cuando no hubiere ella dado su expreso consentimiento a la obligación reclamada y que gravite sobre bienes inmuebles de la sociedad de gananciales. [1] De otro modo estaría la esposa expuesta a ser despojada de su haber ganancial, y quedaría burlada la protección para ella dispuesta en el Código Civil, por la simple connivencia entre el marido y la concubina lograda con sólo dejarse dictar una sentencia en rebeldía. Cuando la presunción de gananciabilidad declarada en el Art. 1307 del Código Civil (31 L.P.R.A. sec. 3647) apunta hacia la posible lesión de la propiedad e interés de la esposa en el acervo de la sociedad de gananciales ella es parte propia e indispensable en toda acción promovida por una concubina dirigida a obtener una liquidación de bienes en que alega

---

[1] "Excepto cuando trafica con sus bienes privativos o cuando la procedencia es privativa, con relación a bienes reputados gananciales no halla acomodo en nuestra norma jurídica una 'comunidad de bienes' o una 'sociedad de intereses' constituida entre uno de los cónyuges como tal y un extraño a la sociedad, aunque se trate de bienes adquiridos mediante la industria o trabajo personal, y aunque exista con ese extraño la relación típica de un concubinato.

Lo anteriormente expuesto no impide que se desarrolle una comunidad de bienes o cualquier otra figura jurídica respecto a bienes entre *la sociedad de gananciales como tal* y un tercero. Si para la adquisición de estas propiedades gananciales la demandante aportó dinero suyo, ella podría tener un crédito o reclamación personal contra la sociedad." (Énfasis en el original.) *Reyes* v. *Merlo*, 91 D.P.R. 136, 141–2 (1964), confirmado en *Cruz* v. *Sucn. Landrau Díaz*, 97 D.P.R. 578, 587 (1969).

comunidad con el marido. La Regla 16.1 de Procedimiento Civil dirige al tribunal hacia la inclusión como parte de toda persona que tenga un interés común en la cuestión litigiosa.

■ La sentencia revisada no puede subsistir frente al precepto constitucional de que ninguna persona será privada de su libertad o propiedad sin debido proceso de ley. Art. II, Sec. 7, Constitución del Estado Libre Asociado (Carta de Derechos). El tímido y apenas audible anuncio del demandado de su condición de hombre casado es suficiente iniciativa en este caso para proteger el derecho de propiedad de su esposa, más aún cuando no lo fuera el debido proceso de ley es singular encomienda de los tribunales que no tienen que depender de la iniciativa de las partes para imponerlo en todo momento. Es ésta una garantía de verdadero orden público que no sucumbe a la conducta de los litigantes ni a las decisiones del juzgador. *Maldonado* v. *Hull Dobbs, Etc.*, 102 D.P.R. 608 (1974). Se vislumbra en este caso la probable privación de propiedad de una persona que no ha sido oída por el tribunal.

*Se dejará sin efecto la sentencia en rebeldía y se devolverá el caso a la sala de instancia para que disponga la inclusión y emplazamiento de Inés Cajigas Rosas como parte demandada y se continúen procedimientos consistentes con esta opinión.*