Gabán Castro, Juez Ponente
*987 TEXTO COMPLETO DE LA RESOLUCION
En el presente recurso de certiorari se nos solicita que revoquemos una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante esta resolución se declaró no ha lugar una solicitud de intervención presentada por la aquí peticionaria, Sra. Ivette García Figueroa. La peticionaria alega que el tribunal de instancia erró en su determinación. No le asiste la razón. Veamos.
Los hechos que dan base a este recurso se resumen a continuación.
El 20 de agosto de 1990, el Sr. Iván Calderón Pérez y la Sra. Maribel Quiñones Hernández se divorciaron por la causal de mutuo consentimiento. Como parte de las estipulaciones a que llegaron en su demanda y que fueron aprobadas por el tribunal, los ex-esposos acordaron que un apartamento localizado en el pueblo de Loíza, propiedad de la Sociedad Legal de Gananciales compuesta por ambos, pasaría a ser de la exclusiva propiedad de la señora Quiñones. El señor Calderón se comprometió a otorgar la escritura correspondiente, cediéndole su participación en la propiedad a la señora Quiñones, dentro de los treinta días subsiguientes a la fecha en que se dictó la sentencia de divorcio.
Dicha sentencia se dictó en 20 de agosto de 1990. El 9 de julio de 1992, la peticionaria radicó una demanda de cobro de dinero contra la señora Quiñones, por una deuda existente entre ellas surgida con posterioridad al divorcio. El 7 de octubre de 1992, la peticionaria obtuvo sentencia a su favor por la cantidad de $4,427.50. Para ejecutar la sentencia se embargó y subastó el inmueble al cual hicimos referencia anteriormente. La "buenapro" en la subasta le fue adjudicada a la peticionaria.
Luego de estos hechos, alegan los peticionarios que la Registradora de la Propiedad denegó acceso al Registro de los documentos sobre embargo que ésta presentara, por no haberse liquidado previamente la Sociedad Legal de Gananciales. El 3 de junio de 1994, la peticionaria presentó ante el Registro de la Propiedad un escrito de recalificación. No surge de los autos que a esta fecha el Registrador haya tomado acción sobre este escrito.
*988 El 9 de febrero de 1995, la peticionaria radicó una moción solicitando intervención en el pleito de divorcio de la señora Quiñones y el señor Calderón, a los fines de que se consumara la sentencia de cobro de dinero. Dicha solicitud fue declarada no ha lugar.
La intervención ha sido definida por nuestro Tribunal Supremo como:
"Intervención es la admisión, mediante el permiso del tribunal, de una persona que originalmente no fue parte en un procedimiento legal pendiente, por la cual admisión dicha persona viene a ser parte en el referido procedimiento, para la protección de algún derecho o interés que ella alega ser afectado por el mismo." (cita omitida) 
En nuestro ordenamiento jurídico existen dos categorías de intervención, una que se da como cuestión de derecho y la intervención permisible. La primera es de carácter mandatorio y la segunda discrecional, siempre y cuando la solicitud para la misma se radique oportunamente. 
La peticionaria ampara su derecho a intervenir en la Regla 21.1 de las de Procedimiento Civil la cual dispone:
"Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito: (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; o (b) cuando el solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pudiere de hecho quedar afectado con la disposición final del pleito." (Subrayado nuestro).
Esta Regla de Procedimiento Civil debe interpretarse liberalmente en favor de la intervención, para proteger a terceras personas que no son parte en el pleito. 
Una persona que solicite intervenir en un pleito tiene que reclamar algún derecho o interés en la propiedad o asunto objeto del litigio y demostrar que éste puede de hecho quedar afectado por la disposición final del pleito. [6]
Para permitirse la intervención, la peticionaria debe reclamar algún derecho o interés en la propiedad o asunto objeto del litigio. A la señora García le fue adjudicada en subasta la parte del inmueble supuestamente perteneciente a la señora Quiñones. Consta en el expediente que de conformidad con la sentencia de divorcio dictada en 20 de agosto de 1990, Iván Calderón Pérez y Maribel Quiñones Hernández estuvieron casados, existió entre ambos una sociedad legal de gananciales, tuvieron como bien ganancial el inmueble que fuera objeto de la subasta y la sociedad fue disuelta en dicha sentencia. De conformidad con la misma, el inmueble sería transferido mediante escritura a la señora Quiñones, acto jurídico que no ha ocurrido y que demuestra que el señor Calderón continúa siendo propietario de ese inmueble.
Disuelta una sociedad legal de gananciales, la situación jurídica resultante se rige por los preceptos de la comunidad de bienes en ausencia de contrato o disposiciones especiales al respecto. 
En el mencionado caso de divorcio, la sentencia estableció la relación futura de las partes allí peticionarias con dicho inmueble, y no se hizo la transferencia final.
Como vemos, el señor Calderón es propietario en común proindiviso del inmueble que fuera objeto de subasta. El no fue notificado sobre los procedimientos de embargo y subasta. La Regla 16.1 de las de Procedimiento Civil establece que:

"Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la 
*989
controversia, se harán partes y se acumularán como demandantes o demandados según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandado:"

. Esta regla procesal se inspira en dos preceptos que regulan nuestro ordenamiento jurídico:

"1. La protección constitucional que impide que persona alguna sea privada de la libertad y propiedad sin un debido proceso de ley. 

2. La necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea uno completo." 
La Constitución del Estado Libre Asociado, Artículo II, Sección 7, establece que ninguna persona será privada de su propiedad sin el debido proceso de ley:
"Se reconoce como derecho fundamental del ser humano el derecho a la vida, a, la libertad y al disfrute de la propiedad. No existirá la pena de muerte. Ninguna persona será privada de su libertad o propiedad sin debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de las leyes. No se aprobarán leyes que menoscaben las obligaciones contractuales. Las leyes determinarán un mínimo de propiedad y pertenencias no sujetas a embargo." (Subrayado nuestro).
De igual forma, la Enmienda V, de la Constitución de los Estados Unidos establece este mismo derecho:
"No person shall be held to answer for a capital or other infamous crime unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service, in time of war or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation." (Subrayado nuestro)
El precepto procesal antes transcrito requiere la presencia en el pleito de aquellas personas que tienen un interés común sin cuya presencia no puede adjudicarse la controversia. Estas personas son partes indispensables, ya que sus derechos o intereses podrían verse afectados al momento de dictarse sentencia o resolución, por no encontrarse presente en el litigio. Su propósito es proteger a las personas ante los efectos perjudiciales que pudiera tener la resolución del caso sin la presencia de ellos y evitar la multiplicidad de pleitos mediante un remedio efectivo y completo. Es decir que se cumpla con el debido proceso de ley.
El señor Calderón está siendo perjudicado en su patrimonio por el embargo y la subasta de su propiedad, y él no ha sido incluido como parte, en violación al debido proceso de ley en su aspecto procesal y sustantivo.
La determinación sobre defecto de parte indispensable es un asunto de orden tan relevante y vital, que puede presentarse o alegarse por primera vez en apelación por alguna parte o ser levantado por el propio Tribunal de Apelación sua sponte. 
Cuando en la regla antes transcrita se habla de "interés común" no se está haciendo referencia a cualquier interés en el pleito, sino a un interés de tal orden que impida la preparación de un decreto judicial sin afectarlo. En cuanto a la frase "-remedio completo" esto se refiere al remedio entre las personas y entidades que ya son partes en el pleito y no al
*990 obtenible entre una parte y el ausente. 
En el caso de autos, el ex-esposo de la señora Quiñones tiene un interés propietario en la vivienda objeto de la presente controversia. La orden de embargo y subasta indiscutiblemente afecta el derecho de propiedad del señor Calderón, por lo que esta persona tiene un interés en estos decretos judiciales y por consiguiente tiene un interés común. La peticionaria debió incluir al señor Calderón y de esta forma no habría necesidad de esta petición, pues su remedio sería uno completo-.
Una orden emitida por un tribunal no puede subsistir frente al precepto constitucional de que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. Dicho principio constitucional no debe sucumbir ante la conducta de los litigantes, ni a las decisiones del juzgador. Se considera nula una sentencia u orden emitida por un tribunal sin jurisdicción sobre la materia o las partes, o que en alguna forma infrinja el debido proceso de ley. 
De acuerdo con lo antes relacionado, resolvemos que en los procedimientos de embargo y subasta faltó una parte indispensable, que no fue notificada ni incluida en la acción de embargo ni la posterior subasta. El señor Calderón tiene un derecho propietario sobre el inmueble en controversia, el cual no ha tenido oportunidad de defender. Dado ésto los procedimientos de embargo y la posterior subasta no fueron conforme al debido proceso de ley por lo que son nulos.
Siendo nulos el embargo y la posterior subasta, la peticionaria no tiene ningún derecho o interés en la propiedad objeto del litigio. Lo que tiene ésta es un derecho personal contra la señora Quiñones que dio lugar a una sentencia.
En conclusión, no se justifica su intervención en el pleito de divorcio de la señora Quiñones y el señor Calderón, pues la peticionaria no tiene ningún derecho o interés propietario.
Por todo lo antes expuesto, se deniega el auto solicitado.
Lo acordó y manda el Tribunal, y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 253
1. Véanse: Sentencia .del 20 de agosto de 1990 y Petición Enmendada del 15 de agosto de 1990, Apéndices I y II incluidos en el Recurso de Certiorari.
2. El escrito de la Registradora de la Propiedad denegando el acceso al Registro de los documentos sobre embargo nunca fue presentado ante la consideración de este tribunal.
3. Fernández, et al v. Avellanet, et al, 16 DPR 63, 64 (1910)
4. Reglas 21.1 y 21.2 de las de Procedimiento Civil, 32 LPRA Ap. Ill R. 21.1 y R. 21.2 (1983).
5. Cappalli, "The Guest Who Carne to Dinner: Intervention Practice in Puerto Rico Civil Procedure", 40 Rev. Jur. U.P.R. 461,472 (1971).
6. Chase Manhattan Bank v. Nesglo, Inc., 111 DPR 767, 770 (1981); véase también R. Mix Concrete v. R. *991 Arellano & Co., 110 DPR 869 (1981).
7. 31 LPRA §§ 1271-1285 (1993); Quetglas Alvarez v. Carazo Castillo , 93 JTS 146, opinión del 18 de noviembre de 1993; García v. Montero Saldaña, 107 DPR 319 (1978); García López v. Méndez García, 102 DPR 383 (1974).
8. Cepeda Torres v. García Ortiz, 93 JTS 20, opinión del 12 de febrero de 1993; Carrero Suárez v. Sánchez López, 103 DPR 77 (1974).
9. Cepeda Torres v. García Ortiz, supra.
10. Acosta Quiñones, et al v. Matos Rodríguez, et al, 94 JTS 47, opinión del 5 de abril de 1994.
11. Acosta Quiñones v. Matos Rodríguez, 94 JTS 47, opinión del 5 de abril de 1994; Hernández Agosto v. Romero Barceló, 112 DPR 407 (1982); Carrero Suárez v. Sánchez López, 103 DPR 77 (1974).
12. Hernández Agosto v. López Nieves, 114 DPR 601 (1989).
13. Hernández Agosto v. López Nieves, supra, 607.
14. Hernández Agosto v. López Nieves, supra, 607.
15. Véanse: Carrero v. Sánchez, 103 DPR 77 (1974); Maldonado v. Hull Dobbs, 102 DPR 608 (1974).
16. Véanse: Figueroa v. Banco de San Juan, 108 DPR 680 (1979); E.L.A. v. Tribunal Superior, 86 DPR 692 (1962).