TEXTO COMPLETO DE LA SENTENCIA
I
Las hermanas apelantes, Gladys, Ana y Adelina de apellido Tirú Feliciano, solicitan la revisión de una sentencia sumaria emitida el 12 de marzo de 2002, por el Tribunal de Primera Instancia, Sala Superior de Ponce, que desestimó, por el fundamento de cosa juzgada, la acción sobre impugnación de compraventa presentada por las apelantes contra sus hermanos, los apelados Daniel y Miguel Tirú Feliciano.
La demanda está relacionada con una finca, ubicada en el municipio de Yauco, que contiene una casa enclavada. Según se desprende del expediente, los padres de las partes eran dueños de la referida estructura, *627 habiendo residido en la misma durante más de cincuenta (50) años. A la fecha pertinente a la demanda, éstos habían fallecido, sin que se hubiera llevado a cabo la correspondiente liquidación de su sucesión.
Los padres de las partes no eran los titulares del solar, el cual, alegadamente, pertenecía a la corporación Inya Investment Corporation (“Inya”).
En el 1991, los apelados compraron el terreno a Inya. El apelado Daniel Tirú Feliciano adquirió una participación de dos terceras partes sobre el bien, mientras que su hermano Miguel compró la tercera parte restante. Los apelados ostentaron la titularidad del bien durante el período subsiguiente, permaneciendo en una comunidad indivisa.
El 23 de octubre de 1998, el apelado Daniel Tirú instó una acción de división de comunidad contra Miguel, en el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Yauco, J4CI1998-00720, solicitando la liquidación de la comunidad existente sobre el predio y la liquidación de las respectivas participaciones de cada uno.
Durante la pendencia de este procedimiento, las apelantes Gladys y Ana Tirú Feliciano presentaron una solicitud de intervención alegando que la casa que ubica en el terreno pertenecía a la sucesión de los padres de las partes, la cual permanecía sin liquidar desde la muerte de éstos. Las apelantes también reclamaron que los apelados se habían enriquecido injustamente en la compra del solar, por cuanto Inya había acordado venderles la propiedad a un precio inferior a su valor en el mercado, en consideración que los padres de los apelados habían estado residiendo en el lugar por tantos años.
La apelante Adelina Tirú Feliciano no compareció en dicha solicitud, ni fue parte en el procedimiento.
Luego de otros trámites, el 10 de enero de 2001, la Sala de Yauco emitió una sentencia parcial desestimando la solicitud de intervención de las peticionarias, presumiblemente, bajo la Regla 39.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. DI, R. 39.2, por “incumplimiento reiterado de las órdenes del tribunal”. No surge que este dictamen hubiera sido recurrido.
Así las cosas, el 29 de marzo de 2001, las apelantes instaron la presente acción de impugnación de escritura de compraventa, contra el apelado Daniel Tirú Feliciano ante la Sala Superior de Ponce. En su demanda, las apelantes reprodujeron las reclamaciones que habían presentado en su solicitud de intervención en el caso J4CI1998-00720 ante la Subsección de Distrito de Yauco. Alegaron que tenían interés en el predio de la finca en litigio, por cuanto la casa que ubicaba en el mismo pertenecía a la sucesión de los padres de las partes y que el precio de venta del solar había sido reducido por esta consideración.
En esta ocasión, la apelante Adelina Tirú Feliciano compareció en la demanda. La misma fue enmendada poco después para incluir al apelado Miguel Tirú Feliciano como parte codemandada.
Oportunamente, el apelado Daniel Tirú Felicano solicitó la desestimación de la demanda, alegando que el dictamen desestimatorio de la solicitud de intervención presentada por las apelantes Gladys y Ana Tirú Feliciano en el caso J4C-I1998-00720 ante la Subsección de Distrito de Yauco, constituía cosa juzgada entre las partes. Las apelantes se opusieron a la solicitud de desestimación.
El 12 de marzo de 2002, mediante la sentencia apelada, el Tribunal de Primera Instancia declaró con lugar la moción de desestimación del apelado y desestimó la demanda.
En su sentencia, el Tribunal observó que la reclamación instada por las apelantes era la misma en ambos casos. Aunque reconoció que la apelante Adelina Tirú Feliciano no había comparecido en la demanda ante la *628 Sala de Distrito de Yauco, el distinguido foro recurrido concluyó que dicho dictamen le era oponible, por cuanto dicha apelante estaba en una relación de solidaridad con respecto a sus hermanas.
El Tribunal concluyó que las apelantes habían procedido con temeridad y las condenó al pago de una condena de $250.00 por concepto de honorarios de abogado.
Las apelantes presentaron una moción solicitando determinaciones de hechos y conclusiones de derecho adicionales, la cual fue eventualmente rechazada por el Tribunal.
Insatisfechas, las apelantes acudieron ante este Tribunal.
Pendiente el trámite ante este foro, se informó de la muerte del apelado Daniel Tiró Feliciano. Mediante resolución del 3 de julio de 2002, ordenamos la sustitición de dicha parte por sus herederos, según lo contempla la Regla 22 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 22. Estos últimos han comparecido.
Revocamos.
II
En su recurso, las apelantes plantean que erró el Tribunal de Primera Instancia al ordenar la desestimación sumaria de su demanda, por el fundamento de cosa juzgada.
La norma en nuestra jurisdicción es que un caso sólo debe ser adjudicado sumariamente cuando se trata de una situación clara y el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes, sin que haga falta la celebración de una vista evidenciaría. Jusino Figueroa v. Walgreens, 155 D.P.R._(2001), 2001 J.T.S. 154, a la pág. 374; Management Administrtation Services Corp. v. Estado Libre Asociado de Puerto Rico, 152 D.P.R. _(2000), 2000 J.T.S. 189, a la pág. 440; Rivera Rodríguez v. Departamento de Hacienda, 149 D.P.R._ (1999), 99 J.T.S. 144, a la pág. 53; J.A.D.M. v. Centro Com. Plaza Carolina, 132 D.P.R. 785, 802 (1993); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 721 (1986).
Si existe duda sobre la procedencia de una adjudicación sumaria, es deber del Tribunal abstenerse de realizar la misma, véanse, Management Administration Services Corp. v. Estado Libre Asociado de Puerto Rico, 2000 J.T.S. 189, a la pág. 440; Hernández Villanueva v. Hernández, 150 D.P.R._(2000), 2000 J.T.S. 26, a la pág. 608; Rivera Rodríguez v. Departamento de Hacienda, 99 J.T.S. 144, a la pág. 53; Rivera v. Superior Pkg., Inc., 132 D.P.R. 115, 133 (1992).
Cuando se trata de una solicitud de desestimación por las alegaciones, el Tribunal Supremo también ha aclarado que la misma sólo debe ser declarada con lugar si el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que puedan ser probados y si la demanda no puede ser enmendada para subsanar cualquier deficiencia en sus alegaciones. Al hacer este análisis, el Tribunal debe aceptar como ciertas todas las alegaciones bien formuladas de la demanda, las cuales se interpretan de manera favorable al demandante. Rivera Báez v. Jaume Andújar, 157 D.P.R._(2002), 2002 J.T.S. 107, a la pág. 1,525; Luán Investment Corp. v. Rexach Construction Corp., 152 D.P.R._(2000), 2000 J.T.S. 196, a la pág. 552; Roldán Rosario v. Lutrón, S.M., 151 D.P.R. _ (2000), 2000 J.T.S. 133, a la pág. 27; Harguindey Ferrer v. Universidad Interamericana de Puerto Rico, 148 D.P.R._(1999), 99 J.T.S. 54, a la pág. 848; Dorante v. Wrangler of P. R., 145 D.P.R. 408, 413 (1998).
En la situación de autos, según hemos visto, el Tribunal de Primera Instancia ordenó la desestimación de la demanda porque entendió que la determinación de la Sala de Distrito de denegar la solicitud de intervención de las apelantes Gladys y Ana Tirú Feliciano en el caso J4CI1998-00720 constituía cosa juzgada entre las partes.
*629 La doctrina de la cosa juzgada, según se conoce, está fundada en el interés del Estado de que se le ponga fin a los litigios, y en la deseabilidad de que no se someta a un ciudadano a las molestias que supone litigar la misma causa en más de una ocasión. A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753, 762 (1981). Se trata de consideraciones de orden público y de necesidad procesal que impiden que se relitigue lo litigado en una causa anterior. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212, 221 (1992); Zambrana v. Tribunal Superior, 100 D.P.R. 179 (1971).
La excepción de cosa juzgada está expresamente reglamentada por el Art. 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3343, el cual requiere, para la aplicación de esta figura, que concurran “la más perfecta identidad entre las cosas, las caúsaselas personas de los litigantes y la calidad con que lo fueron”. 32 L.P.R.A. see. 1793; Sahar Fatach v. Seguros Triple S, Inc., 147 D.P.R. _ (1999), 99 J.T.S. 46, a la pág. 807; Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a la pág. 219; Díaz v. Navieras de P.R., 118 D.P.R. 297, 304-305 (1987); Pagán Hernández v. U.P.R., 107 D.P.R. 720, 732 (1978).
Según ha explicado el Tribunal Supremo de Puerto Rico, la causa significa la razón o el motivo de pedir, esto es, "el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas". Existe identidad de causas "cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma". Acevedo v. Western Digital Caribe, Inc., 140 D.P.R. 452, 464 (1996); A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 765; Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 951-952 (1972); véase, además, Manresa, Comentarios al Código Civil Español, Madrid, Ed. Reus, 1967, T. VIII, Vol. II, pág. 277, et. seq.
La cosa se refiere al objeto o materia sobre el cual se ejercita la acción. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a la pág. 220; A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a las págs. 764-765; Lausell Marxuach v. Díaz de Yáñez, 103 D.P.R. 533, 535 (1975). El Tribunal Supremo de Puerto Rico ha aclarado, con respecto a este requisito, que basta que el pleito anterior se refiera al mismo asunto planteado en el nuevo, aunque en el uno se abordase totalmente y en el otro de manera parcial. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a la pág. 220.
El requisito de identidad de personas se rige por la doctrina de mutualidad (“privity”). Esto es, se requiere que las personas hubieran sido partes en el pleito anterior o que estén en una relación mutua con dichas partes. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a la pág. 220; P.I.P. v. C.E.E., 120 D.P.R. 580, 605 (1988); A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 766.
El citado Artículo 1204 del Código Civil aclara que "se entiende que hay identidad de personas siempre que los litigantes en el segundo pleito sean causahabientes de los que entendieron en el pleito anterior, o estén unidos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones". 31 L.P.R.A. see. 3343.
El Tribunal Supremo de Puerto Rico ha señalado que la solidaridad que se persigue es aquella capaz de situar en posición tal a las partes, como si fueran una sola en relación a las prestaciones que puedan estar en litigio, y es el mismo tipo de relación que se produce entre el causahabiente y el causante. El mero hecho de que las partes puedan ser deudores solidarios no es suficiente para lograr lo anterior. A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 766.
El enfoque adoptado es esencialmente pragmático. P.I.P. v. C.E.E., 120 D.P.R. a la pág. 605; Pol Sella v. Lugo Christian, 107 D.P.R. 540, 549 (1978). Como norma general, sin embargo, la existencia de una relación de parentezco tampoco resulta suficiente, por sí sola, para establecer una identidad de partes. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a las págs. 225-226; Ramos González v. Félix Medina, 121 D.P.R. 312, 338 (1988); Díaz v. Navieras de P.R., 118 D.P.R. 297, 304-305 (1987).
*630 Por ultimo, para que la presunción de cosa juzgada surta efecto se requiere que se haya emitido un dictamen válido que adjudique finalmente la reclamación del demandante. Esto presupone que la sentencia original que luego se invoca en apoyo de la defensa de cosa juzgada haya sido dictada por un tribunal con jurisdicción. P.R. T.C. v. Unión Indep. Emp. Telefónicos, 131 D.P.R. 171, 193 (1992); J.R.T. v. Hospital de la Concepción, 114 D.P.R. 372, 381 (1983).
La doctrina de cosa juzgada no se aplica de manera automática en todos los casos, sino que constituye más bien una regla práctica de justicia sustancial. Banco de la Vivienda v. Carlo Ortiz, 130 D.P.R. 730, 739 (1992); Pagán Hernández v. U.P.R., 107 D.P.R. a la pág. 732; Pérez v. Bauza, 83 D.P.R. 220, 225 (1961).
En el presente caso, la demanda de las apelantes, de su faz, presenta una reclamación razonable, basada en el alegado título de los padres de las partes sobre la casa ubicada en la finca adquirida por los apelados. El Tribunal de Primera Instancia, sin embargo, entendió que las apelantes venían impedidas de instar dicha reclamación porque dos de ellas, Gladys y Ana, habían presentado una solicitud de intervención en el pleito anterior entre los apelados para la liquidación de su comunidad, solicitud que fue desestimada por la Sala de Distrito ante el incumplimiento reiterado de las apelantes con las órdenes del Tribunal.
Las apelantes plantean que la orden de la Sala de Distrito que ordenó la desestimación de su solicitud de intervención no constituyó, propiamente, una adjudicación en sus méritos de su reclamación. La Regla 39.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.2, sin embargo, autoriza al Tribunal de Primera Instancia a decretar la desestimación de un pleito o de “cualquier reclamación” contra un demandado cuando, entre otras circunstancias, el demandante hubiera incumplido con las órdenes del tribunal.
La Regla añade que “[a] menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se hubiera dictado por falta de parte indispensable, tienen el efecto de una adjudicación en los méritos. ”
En el presente caso, la Sala de Distrito no hizo salvedad alguna en su orden emitida el 10 de enero de 2001 en el caso J4CI1998-00720, disponiendo la desestimación de la solicitud de intervención de las apelantes. Según hemos indicado, no se desprende que dicho dictamen hubiera sido recurrido, careciendo de jurisdicción el Tribunal de Primera Instancia para dejar el mismo sin efecto en esta etapa.
De acuerdo con el lenguaje citado de la Regla 39.2, la orden de la Sala de Distrito efectivamente constituiría una adjudicación en sus méritos de la reclamación de las apelantes. Compárese, Banco de la Vivienda v. Cario Ortiz, 130 D.P.R. a la pág. 742.
Ahora bien, este tipo de desestimaciones no son favorecidas. Mun. de Arecibo v. Almacenes Yakima del Atlántico, Inc., 154 D.P.R._(2001), 2001 J.T.S. 82, a la pág. 1,305; Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, 814 (1986); Maldonado v. Secretario de Recursos Naturales, 113 D.P.R. a la pág. 498; Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817, 822 (1980); Arce v. Club Gallístico de San Juan, 105 D.P.R. 305, 308 (1976).
La política en nuestra jurisdicción persigue más bien que los casos sean ventilados en sus méritos. Ghigliotti Arzola v. Administración de Servicios Agrícolas, 150 D.P.R._(2000), 2000 J.T.S. 13, a las págs. 504-505; Neptune Packing Corp. v. Wackenhut Corp, 120 D.P.R. 283, 293 (1988); Imp. Vilca, Inc. v. Hogares Crea, Inc., 118 D.P.R. 679, 686 (1987).
En la situación de autos, más aún, la apelante Adelina Tiró Feliciano no fue parte en el litigio ante la Sala de Distrito de Yauco. Dicha apelante constituía una parte indispensable en el litigio, el que envolvía la liquidación de la sucesión de los padres de las partes.
*631 La Regla 16.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III, R. 16.1, requiere, en este sentido, que se acumulen como partes demandantes o demandadas en un litigio aquellas personas "que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia". Véanse, Vencedor Dev. Corp. v. Aut. de Carreteras, 136 D.P.R. 456, 460 (1994); Hernández Agosto v. López Nieves, 114 D.P.R. 601, 604-608 (1983); Hernández Agosto v. Romero Barceló, 112 D.P.R. 407, 412-413 (1982); Fuentes v. Tribunal de Distrito, 73 D. P.R. 959, 981 (1952).
Se trata de aquellas personas sin cuya presencia no pueda emitirse el decreto solicitado al Tribunal. Véanse, Municipio de Ponce v. Autoridad de Carreteras y Transportación, 153 D.P.R._(2001), 2001 J.T.S. 3, a la pág. 653; Granados Navedo v. Rodríguez Estrada, 124 D.P.R. 593, 603 (1989); Hernández Agosto v. López Nieves, 114 D.P.R. a la pág. 607; véase, además, Aponte v. Román, 145 D.P.R. 477 (1998).
El propósito de este precepto es proteger a la persona que no esté presente en un pleito de los efectos legales de la sentencia y así evitar, mediante la concesión de un remedio completo, la multiplicidad innecesaria de pleitos. Galarza Rivera v. Mercado Pagán, 139 D.P.R. 619, 639 (1995); Rodríguez Rodríguez v. Moreno Rodríguez, 135 D.P.R. a la pág. 627; Cepeda Torres v. García Ortiz, 132 D.P.R. 698, 704 (1993).
Se trata de un requisito de debido proceso de ley. Rodríguez Rodríguez v. Moreno Rodríguez, 135 D.P.R. a las págs. 627-628; Cepeda Torres v. García Ortíz, 132 D.P.R. a la pág. 704.
La ausencia de una parte indispensable puede ser levantada por primera vez en apelación o sua sponte por el Tribunal. Martínez Soria v. Tribunal Superior, 139 D.P.R. 257, 263 (1995); Hernández Agosto v. López Nieves, 114 D.P.R. a la pág. 603.
El Tribunal Supremo de Puerto Rico ha aclarado que una parte indispensable es alguien cuyos derechos e intereses podrían ser destruidos o inevitablemente afectados al momento de dictarse sentencia o resolución por no encontrarse presente en el litigio. Sánchez Encarnación v. Sánchez Brunet, 154 D.P.R._(2001), 2001 J.T.S. 112, a la pág. 1,573; Reyes v. Estado Libre Asociado, D.P.R. (2000), 2000 J.T.S. 62, a la pág. 895; Rodríguez Rodríguez v. Moreno Rodríguez, 135 D.P.R. 623, 627 (1994); Torres v. Alcalde Mun. de Carolina, 135 D.P.R. 108, 121 (1994); Cepeda Torres v. García Ortiz, 132 D.P.R. 698, 704 (1993).
En aquellos casos en que se plantean derechos pertenecientes a una sucesión, todos los miembros de la misma resultan ser partes indispensables. Cancel v. Martínez, 74 D.P.R. 108, 115 (1952); Fuentes v. Tribunal de Distrito, 73 D.P.R. a la pág. 987.
En la situación de autos, la apelante Adelina Tirú Feliciano no fue incluida como parte en el litigio ante la Sala de Distrito, a pesar de que, como coheredera, dicha parte resultaba indispensable para la adjudicación de cualquier reclamación relacionada a los derechos de la sucesión.
La distinguida Sala de Primera Instancia entendió que el dictamen desestimatorio era oponible a dicha parte, porque ella gozaba de una relación de solidaridad con sus hermanas, derivando su título de la misma fuente y estando en una posición similar a éstas con relación al bien en controversia.
No pensamos, sin embargo, que la relación de parentezco entre las partes sea suficiente para imputar a la apelante Adelina Tirú Feliciano el resultado de un caso en el cual ella no participó. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a las págs. 225-226; Ramos González v. Félix Medina, 121 D.P.R. a la pág. 338; Díaz v. Navieras de Puerto Rico, 118 D.P.R. a la pág. 305.
Dicha heredera no es causahabiente de sus hermanas ni gozaban éstas del poder de representar su interés particular en otro caso. La mera solidaridad de interés, según ha señalado el Tribunal Supremo de Puerto Rico, *632 es insuficiente para que pueda concluirse que existe identidad de partes en todos los casos. A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 766.
Debe recordarse que la apelante goza del derecho, establecido por la sección 7 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, a no ser privada de su propiedad sin un debido proceso de ley. Cepeda Torres v. García Ortiz, 132 D.P.R. a la pág. 704; Carrero Suárez v. Sánchez López, 103 D.P.R. 77, 80-81 (1974).
No habiendo participado la apelante Adelina Tirú Feliciano en el procedimiento ante la Subsección de Distrito, faltaba una parte indispensable para que el tribunal hubiera podido adjudicar, en dicho procedimiento, el interés reclamado por la sucesión de los padres de las partes sobre la propiedad adquirida por los apelados. En estas circunstancias, el dictamen de desestimación no tiene el efecto de cosa juzgada. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a las págs. 225-226; A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 766.
Por los fundamentos expresados, se revoca la sentencia apelada. Se devolverá el asunto al Tribunal de Primera Instancia para procedimientos consistentes con esta sentencia.
Lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General