EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Anamar Menéndez González, Rosaima E. Rivera Serrano, Carlos Vicente Villegas Del Valle, Edwin Francisco Rivera Otero, Gabriela Firpi Morales y Astrid Burgos Nieves<br><br>    Recurridos<br><br>        v.<br><br>Universidad de Puerto Rico y su Presidenta   Dra. Nivia Fernández Hernández, Dra. Carmen Haydeé Rivera Vega, en su Capacidad como Rectora Interina del Recinto de Río Piedras y Dr. Carlos Pérez Díaz, en su Capacidad como Presidente de la Junta de Gobierno de la Universidad de Puerto Rico<br><br>    Peticionarios | Certiorari<br><br>2017 TSPR 84<br><br>198 DPR ____ |

Número del Caso: CC-2017-419

Fecha: 19 de mayo de 2017

Tribunal de Apelaciones:

        Región Judicial de San Juan y Cagua, Panel II

Abogado de la parte Peticionaria:

        Lcdo. Enrique Figueroa Llinás

Abogado de la parte Recurrida:

        Lcdo. Pedro R. Vázquez Pesquera

Materia: Sentencia con Opiniones Disidentes.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Anamar Menéndez González, Rosaima E. Rivera Serrano, Carlos Vicente Villegas Del Valle, Edwin Francisco Rivera Otero, Gabriela Firpi Morales y Astrid Burgos Nieves<br><br>    Recurridos<br><br>        v.<br><br>Universidad de Puerto Rico y su Presidenta Dra. Nivia Fernández Hernández, Dra. Carmen Haydeé Rivera Vega, en su Capacidad como Rectora Interina del Recinto de Río Piedras y Dr. Carlos Pérez Díaz, en su Capacidad como Presidente de la Junta de Gobierno de la Universidad de Puerto Rico<br><br>    Peticionarios | CC-2017-419 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico a 19 de mayo de 2017.

Por estar igualmente dividido el Tribunal, expedimos el Recurso de *Certiorari* solicitado y se confirma la Sentencia emitida por el Tribunal de Apelaciones, Región Judicial de San Juan, el 5 de mayo de 2017.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez proveería ha lugar a la *Moción en Auxilio de Jurisdicción* y expediría la *Petición de Certiorari*. La Juez Asociada señora Rodríguez Rodríguez proveería ha lugar a la *Moción en Auxilio de Jurisdicción*, expediría la *Petición de Certiorari*, y emite una Opinión Disidente. El Juez Asociado señor Colón Pérez proveería ha lugar a la *Moción en Auxilio de*

*Jurisdicción,* expediría la *Petición de Certiorari*, y emite una Opinión Disidente. El Juez Asociado señor Rivera García no intervino. Los Jueces Asociados señores Martínez Torres y Estrella Martínez están inhibidos.


                        Juan Ernesto Dávila Rivera
                        Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Anamar Menéndez González, Rosaima E. Rivera Serrano, Carlos Vicente Villegas del Valle, Edwin Francisco Rivera Otero, Gabriela Firpi Morales y Astrid Burgos Nieves<br><br>Recurridos<br><br>v.<br><br>Universidad de Puerto Rico y su Presidenta Interina, Dra. Nivia Fernández Hernández, Dra. Carmen Haydeé Rivera Vega, en su capacidad como Rectora Interina del Recinto de Río Piedras y Dr. Carlos Pérez Díaz en su capacidad como Presidente de la Junta de Gobierno de la Universidad de Puerto Rico<br><br>Peticionarios | CC-2017-0419 |

Opinión Disidente emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico a 19 de mayo de 2017

## I

En el año 2010, una mayoría de este Tribunal pautó, en *UPR v. Laborde Torres*, un derrotero nefasto el cual denominé como "un golpe mortal a la Universidad de Puerto Rico y a nuestro sistema democrático". *UPR v. Laborde Torres*, 180 DPR 253,330 (2010). Ello, pues la catalogación de la Universidad de Puerto Rico como un foro público por designación se sustentó en un análisis privado de historia; desligado totalmente de la finalidad

social que cumplen las instituciones de educación superior.

El carácter *sui generis* que reviste a la Universidad surge del vínculo existente entre esta institución y la sociedad ya que ésta es fruto de la traducción de la democracia a un espacio físico que pretende servir a la libertad de asociación y de expresión. Así lo reconoce la propia Ley Orgánica de la Universidad de Puerto Rico y la jurisprudencia federal. Asimismo, cabe señalar que, el carácter particular de la Universidad la ha convertido, históricamente, también en un flanco de ataque, particularmente, por quienes poco toleran la diversidad que conlleva la democracia.

## II

Ante nuestra consideración pende un dictamen emitido por el foro apelativo intermedio, que complica aún más el panorama antes señalado. El 5 de mayo de 2017, este foro emitió una *Sentencia* mediante la cual ordenó a la Universidad de Puerto Rico, y demás demandados, a restablecer el acceso al Recinto de Río Piedras. Ello, en desatención de normas elementales del derecho procesal. En particular, considero necesario enfocarme en una, a saber, la falta de parte indispensable.

La Regla 16.1 de *Procedimiento Civil* regula lo concerniente a la acumulación de partes indispensables. A esos efectos, ésta dispone que:

"[l]as personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, serán partes y se cumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada". 32 LPRA Ap. V, R. 16.1.

En esencia, una parte indispensable es una que tiene un interés de tal grado sobre la controversia "'que no puede dictarse un decreto final entre las partes en la acción sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia'". *Cirino González v. Adm. Corrección*, 190 DPR 14, 46 (2014) (citas omitidas); *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Según hemos comentado, la importancia de identificar la parte indispensable irremediablemente se relaciona con dos axiomas, "primero, en la protección constitucional que impide que las personas sean privadas de su libertad o propiedad sin un debido proceso de ley, y segundo, en la necesidad de que se emita un decreto judicial completo". *Colón Negrón v. Mun. Bayamón*, 192 DPR 499, 510 (2015); *Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993). Por ello, en reiteradas ocasiones hemos expresado "que la omisión de incluir una parte indispensable incide sobre el debido proceso de ley que cobija al ausente". *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 678 (2012);

*Romero v. S.L.G. Reyes*, 164 DPR 721 (2005); *Carrero Suárez v. Sánchez López*, 103 DPR 77, 81-82 (1974).[1]

Ciertamente, la determinación sobre la necesidad de acumular una parte, por ésta ser indispensable, es una tarea que le corresponde a los Tribunales. Véase *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Claro está, una determinación a esos efectos tiene que fundamentarse en los hechos específicos del caso. Véase *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001); *Granados v. Rodríguez Estrada II*, 124 DPR 593 (1989). Por ello, no podemos realizar un examen simplista del asunto, sino que tenemos el deber de realizar "un ejercicio de consideración pragmática de los intereses implicados". *Cirino González v. Adm. Corrección*, 190 DPR 14, 46 (2014).

En el presente caso, el Tribunal de Primera Instancia tuvo el beneficio de examinar, con detenimiento, las alegaciones de las partes demandantes y la prueba testifical y documental que se presentó durante la vista de *Injunction* preliminar y *Mandamus*, celebrada

---

[1] De otra parte, al identificar aquello denominado como 'interés común' hemos precisado que "no se trata de cualquier interés en el pleito. Tiene que ser 'de tal orden que impida la confección de un decreto sin afectarlo'". *Cirino González v. Adm. Corrección*, 190 DPR 14, 46 (2014) (citas omitidas). Véase, además, *Hernández Agosto v. López Nieves*, 114 DPR 601, 607 (1983). A saber, un interés de tal orden que impida la confección de un derecho adecuado sin afectarle o destruirle radicalmente sus derechos. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Éste, además, tiene que ser real e inmediato y no puede ser especulativo o futuro. Véase *García Colón v. Sucn. González*, 178 DPR 527, 549 (2010).

el 4 de abril de 2017. A raíz de esa evaluación, el foro

primario correctamente concluyó que

> [s]egún la prueba desfilada y el propio testimonio de la parte demandante, quienes están en el Recinto de Río Piedras y ejercen control e impiden el acceso al mismo son estudiantes y 'personas relacionadas con el paro', que no son la parte demandada en este caso, ni sus oficiales, agentes, sirvientes(as), empleados(as), abogados(as), como tampoco, son personas que actúan de acuerdo o participen activamente con éstos. Sencillamente, *estas personas que están impidiendo el acceso a la UPR no figuran como parte en este caso y ello responde, únicamente, a la contención de la parte demandante de que estas personas no son parte indispensable por el hecho de que no están obligadas contractualmente con los demandantes. Ello, choca expresamente con la Regla 16.1 de Procedimiento Civil. Anamar Menéndez González y otros v. Universidad de Puerto Rico y otros,* SJ2017CV00111, en la pág. 16 (énfasis suplido).[2]

---

[2] Es preciso recalcar que surge claramente de la relación de hechos que se consignó en la *Demanda enmendada* presentada por los recurridos, que -en todo momento- éstos hacían alusión a que "los estudiantes" eran los que estaban impidiendo la entrada al Recinto de Río Piedras. Véase *Apéndice*, págs. 16-18. Asimismo, es esencial destacar algunas de las determinaciones de hecho que fueron consignadas en la *Sentencia* como fundamento para la determinación del foro primario. A saber, la demandante, Srta. Astrid Burgos, "testificó que 'la Administración de la Universidad no es la que está impidiendo el paso'. Esta admitió además que 'las personas impidiendo el acceso son las personas relacionados con el paro'". *Anamar Menéndez González y otros v. Universidad de Puerto Rico y otros,* SJ2017CV00111, en la pág. 5. Por otro lado, otra de las demandantes, la Srta. Rosaima Rivera Serrano, testificó que "'no sé quién cerró los portones, me enteré por la prensa". No obstante, la Srta. Rivera Serrano testificó además 'no he intentado ir a coger clases por que temo por mi seguridad. Quienes estaban en los portones eran estudiantes. No eran guardias'". *Id.* en la pág. 6. Además, las partes, como parte de los hechos estipulados, indicaron que "ningún funcionario de la UPR ni ninguno de sus agentes ha impedido el acceso de persona alguna ni ha puesto barrera de clase alguna en las entradas del Recinto de Río Piedras". *Id.* en la pág. 7.

En su *Sentencia*, el Tribunal de Apelaciones correctamente reconoció que, como regla general, los foros apelativos no tienen la facultad de sustituir las determinaciones de hechos que realiza el Tribunal de Primera Instancia. Véase *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). Claro está, también atinó al identificar que este principio cede cuando se demuestra un craso abuso de discreción, o que el foro recurrido actuó con pasión, prejuicio y parcialidad o error manifiesto. Véase, por ejemplo, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

A pesar de lo anterior, el foro apelativo intermedio ignoró las determinaciones de hecho que fueron consignadas en la *Sentencia Parcial* del foro primario con relación a la falta de parta indispensable. Incluso, tras admitir que no contaba con una reproducción o transcripción de la prueba oral vertida ante el tribunal de Instancia. Véase *Anamar Menéndez González y otros v. Universidad de Puerto Rico y otros*, KLCE201700730, en la pág. 40. En vez, razonó que en consideración a las obligaciones entre las partes, la acumulación de los "terceros que se encuentran impidiendo el acceso al Recinto no son parte indispensable". *Id.* en la pág. 43.

Discrepamos. En reiteradas ocasiones este Tribunal ha expresado que "[a]nte la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la controversia. Es por ello que, al incidir tal

ausencia en la jurisdicción del tribunal, debe desestimarse la acción". *Bonilla Ramos*, 185 DPR en la pág. 678; *Pérez v. Morales Rosado*, 172 DPR 216 (2007). Tal resultado no se condicionó al tipo de recurso que fuera presentado.

De otra parte, al evaluar el presente caso, es imprescindible que el derecho no sea aplicado en abstracción a las realidades que circundan esta controversia. Desde el 6 de abril de 2017, el estudiantado de la Universidad de Puerto Rico, Recinto de Río Piedras, emitió un voto de huelga indefinida que aún sigue en efecto. Por tanto, es un hecho -según surge del expediente del caso- que son 'los estudiantes' quienes ostentan el control físico de las vías de acceso al recinto universitario.

Sin duda, las relaciones contractuales entre las partes no alteran esa realidad. Es por ello que, el 11 de mayo de 2017, día en que las partes recurrentes habían sido ordenadas a restablecer el acceso al recinto, fracasaron en su encomienda. Evidentemente, resulta absurdo, en este caso, sólo exigir de quienes no son partícipes de los actos que impiden el acceso al recinto remediar la situación. No tiene sentido alguno encontrar incurso en desacato a una parte por desobedecer un dictamen que le resulta imposible cumplir por su cuenta.

Asimismo, es inverosímil pretender que la imposición de sanciones -que sólo resulta en un malgasto de los

escasos fondos públicos que figuran en las arcas del gobierno- remedie la realidad inalterada. Ciertamente, esta situación insensata evidencia los peligros de conceder un remedio incompleto y no ponderar por el foro apelativo las consecuencias ulteriores de su dictamen. En consideración a lo anterior, estimo que en este caso hace falta una parte indispensable y, por ende, erró el Tribunal de Apelaciones al revocar la *Sentencia Parcial* emitida por el foro primario.

## III

Según comentamos, lamentablemente, hoy día continúan latente los efectos de *U.P.R. v. Laborde*, pero bajo un panorama aún más desalentador, pues al parecer las líneas de nuestro sistema republicano de gobierno se han desdibujado lo cual ha puesto en jaque el principio de separación de poderes. Por ende, ante los eventos que hemos vivido como puertorriqueños en días recientes, no puedo concluir sin expresar mi más profunda indignación y consternación con los viles ataques que ha sufrido la Juez del Tribunal de Primera Instancia, encargada del caso de autos.[3]

---

[3] En repetidas ocasiones hemos pautado que como jueces, debemos abstenernos de hacer comentarios de índole política, salvo cuando éstos se hagan precisamente en defensa de la independencia judicial. *In re Mercado Santaella*, 2017 TSPR 64, en la pág. 32, 197 DPR ___ (2017); *In re Hernández Torres*, 167 DPR 823, 846 (2006). A mi entender, ante un ataque a la función judicial para adelantar juegos políticos, expresarse no es meramente permisible, sino también apremiante para cumplir a cabalidad con nuestra función como custodios de la

En consideración a la *Sentencia Parcial* que ésta emitió declarando *no ha lugar* a la solicitud de Interdicto Preliminar y *Mandamus*, afloraron los ataques injustificados contra su persona. A manera de ejemplo, se tildó de "activista", "de estar prejuiciada", "de causar desasosiego" y aún de "agitar la violencia". Para estas serias alegaciones, no se ofreció un ápice de evidencia que las sustentaran. Incluso, no se ofreció prueba alguna para apoyar la conclusión de que la Juez emitió su dictamen por motivaciones impropias, lo cual ciertamente sería sancionable bajo nuestros *Cánones de Ética Judicial*. *Véase* 4 LPRA Ap. IV-B, C. 2, C. 8.

Como todos sabemos, Puerto Rico vive días aciagos que requieren de todos, particularmente de sus líderes, respeto, tolerancia y adhesión inquebrantable al principio republicano que representa la separación de poderes. Debemos todos procurar que con nuestras actuaciones no deslegitimemos la función judicial en este País. Quizás en otros países las noticias se suprimen, las verdades se declaran falsas y a los jueces se les insulta y amedrenta. Pero aquí no. Ante una determinación adversa en un tribunal de justicia, uno puede estar en desacuerdo con su dictamen. De ocurrir, como bien hicieron las partes en esta ocasión, existen los

---

institución donde los ciudadanos depositan su confianza en la Justicia. En el caso de autos, mi deber como Juez Asociada, y más que nada mi conciencia, me exigen expresarme en defensa de la independencia judicial.

mecanismos procesales para atender las insatisfacciones ante los foros apelativos.


Anabelle Rodríguez Rodríguez
Juez Asociada

| | | |
|---|---|---|
| Anamar Menéndez González, Rosaima E. Rivera Serrano, Carlos Vicente Villegas Del Valle, Edwin Francisco Rivera Otero, Gabriela Firpi Morales y Astrid Burgos Nieves<br><br>Recurridos<br><br>v.<br><br>Universidad de Puerto Rico y su Presidenta Dra. Nivia Fernández Hernández, Dra. Carmen Haydeé Rivera Vega, en su Capacidad como Rectora Interina del Recinto de Río Piedras y Dr. Carlos Pérez Díaz, en su Capacidad como Presidente de la Junta de Gobierno de la Universidad de Puerto Rico<br><br>Peticionarios | CC-2017-419 | Certiorari |

Opinión Disidente emitida por el Juez Asociado señor Colón Pérez

En San Juan, Puerto Rico a 19 de mayo de 2017.

A través de esta breve Opinión Disidente hacemos constar que, en esta etapa de los procedimientos, hubiésemos provisto ha lugar a la *Moción en Auxilio de Jurisdicción",* así como a la Petición de *Certiorari* presentada en el caso de referencia, y, en consecuencia, hubiésemos revocado la determinación del Tribunal de Apelaciones. Ello, por entender que, -- como

correctamente decidió el Tribunal de Primera Instancia --, bajo las circunstancias del presente caso, no era posible autorizar el *Injuction* y *Mandamus* solicitados. Particularmente, además de no cumplir con varios de los requisitos procesales de los remedios de *Injuction* y *Mandamus*, el grupo de estudiantes demandantes no acumuló a una parte indispensable para la correcta disposición del caso ante nos; entiéndase, a quienes alegadamente obstaculizan e impiden la entrada al Recinto de Rio Piedras de la Universidad de Puerto Rico.

Como hemos visto, la ausencia de esa parte indispensable sobre la cual el Tribunal no tiene jurisdicción, es la que, en esencia, ha tornado ineficaz, además de difícil de ejecutar, el dictamen del foro apelativo intermedio.

Ahora bien, lo anterior no es óbice para hacer una exhortación a las partes en controversia -- la Universidad de Puerto Rico y los Estudiantes -- a dar inicio, o a continuar, si ya lo han hecho, a un diálogo franco y sincero que permita ponerle fin a la huelga que mantiene cerrado el primer centro docente del país. Lejos de buscar alternativas que inviten a la confrontación, en el escenario tan tenso que enfrenta la Universidad, vemos en la **comunicación** la herramienta más eficaz para poner fin a las controversias que allí se viven. Es tiempo de que nuestros estudiantes, futuro de nuestro país, regresen a su casa de estudios. Recordemos

que ***"sin estudiantes no hay Universidad, sin Universidad no hay país".*** A esa reflexión, se les invita.

                                        Ángel Colón Pérez
                                        Juez Asociado