HÉCTOR ZAMBRANA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. JOSÉ RIVERA BARRERAS, JUEZ, demandado; MIRANDA & EGUÍA, INC., interventora.

Número: O-71-83 Resuelto: 26 de octubre de 1971

---

*José A. Suro, Antonio José Amadeo* y *Ernesto Rodríguez Font,* abogados del peticionario; *P. J. Santiago Lavandero,* abogado de la interventora.

PER CURIAM: El peticionario Héctor Zambrana presentó el 14 de septiembre de 1966 una querella ante el tribunal de instancia reclamando al interventor Miranda & Eguía, Inc., la cantidad de $15,000 por salarios dejados de devengar. Posteriormente, el peticionario presentó en el Tribunal de Distrito, por conducto del Secretario del Trabajo otra querella reclamándole a Miranda & Eguía, Inc., $484.00 como indemnización por despido injustificado.

. El Tribunal de Distrito dictó sentencia en esta segunda querella declarándola con lugar. Miranda & Eguía, Inc., pagó al peticionario el monto de la sentencia y en una conferencia con antelación al juicio de la primera querella solicitó que se desestimara ésta aduciendo la sentencia del Tribunal de Distrito como cosa juzgada en la modalidad que impide el fraccionamiento de la causa de acción. El tribunal de instancia accedió a la desestimación.

Expedimos el auto para revisar.

 La defensa de cosa juzgada en su aspecto de fraccionamiento de causa de acción se aplica a toda reclamación posterior entre las mismas partes sobre el mismo asunto. *Avellanet* v. *Porto Rican Express*, 64 D.P.R. 693 (1945), *Cruz* v. *Ortiz*, 82 D.P.R. 834 (1961). El propósito de esta defensa es promover la finalidad de las controversias judiciales y evitar las continuas molestias a una parte con la presentación sucesiva de varios pleitos relacionados con el mismo asunto.

 En el caso de autos, la primera querella presentada no había sido adjudicada. Al presentarse la segunda querella en el Tribunal de Distrito, el interventor Miranda & Eguía, Inc., no podía aducir la defensa de cosa juzgada puesto que nada se había adjudicado aún, pero sí podía solicitar al tribunal la consolidación de dicha querella con la radicada anteriormente en el Tribunal Superior. No lo hizo así, sino que, por el contrario, renunciando a la consolidación se sometió a la jurisdicción del Tribunal de Distrito para disponer de esta segunda querella. En estas circunstancias no es de aplicación la defensa de cosa juzgada. Aplicarla como pretende el interventor constituiría un reconocimiento a la utilización indebida de los procedimientos con el propósito de matar una causa de acción.

*Se revoca la resolución recurrida y se devuelve el caso para ulteriores procedimientos consistentes con lo aquí expuesto.*

Los Jueces Asociados Señores Hernández Matos y Rigau no intervinieron.