# 96 DTA 139

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
## PANEL I

RAMON DEFENDINI RODRIGUEZ, MYRIAM RODRIGUEZ Y LA SOCIEDAD
LEGAL DE GANANCIALES COMPUESTA POR AMBOS, Y LOURDES DEFENDINI
Recurridos

v.

HUMBERTO DEL VALLE DIAZ, RAMON ROSA LOPEZ H/N/C ROSANA
Y LA CORPORACION INSULAR DE SEGUROS
Peticionarios

Núm. KLCE-96-00671

San Juan, Puerto Rico, a 24 de septiembre de 1996

Panel integrado por su presidente, el Juez Brau Ramírez,
el Juez Colón Birriel y la Juez Pesante Martínez

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

Los recurridos de epígrafe, Ramón Defendini Rodríguez, su esposa, Myriam Rodríguez, la Sociedad Legal de Gananciales compuesta por ambos, y Lourdes Defendini, presentaron una demanda en daños y perjuicios en el Tribunal de Primera Instancia, Sala Superior de Caguas, contra el peticionario Ramón Rosa López, así como Humberto del Valle Díaz y, posteriormente, la Corporación Insular de Seguros. La demanda se originó por motivo de un accidente automovilístico ocurrido el 21 de noviembre de 1990 en Caguas, Puerto Rico, entre el vehículo conducido por el recurrido Ramón Defendini Rodríguez y un automóvil perteneciente al peticionario Ramón Rosa López, conducido por el Sr. del Valle Díaz, empleado del peticionario.

Luego de casi cinco años de litigio y de innumerables incidentes procesales, y habiéndose señalado ya la conferencia con antelación al juicio en el caso, el peticionario presentó una moción solicitando enmendar su demanda para traer al pleito, en calidad de tercero demandado, al Sr. Josué González Dávila y para que, además, que se le permitiera realizar descubrimiento de prueba adicional.

Mediante resolución emitida el 25 de abril de 1996, el Tribunal de Primera Instancia denegó ambas solicitudes. El peticionario solicitó reconsideración, la cual fue denegada mediante resolución del 30 de mayo de 1996. El peticionario acude a este Tribunal de esta determinación mediante el presente recurso de *certiorari*, erróneamente denominado *"Escrito de Apelación y Petición de Certiorari"*.

Denegamos la expedición del auto.

### II

Según se desprende de la petición ante nos, la demanda original de los recurridos estaba dirigida contra el peticionario, el Sr. del Valle, así como contra la 'Compañía Aseguradora X'. ██ Se alegaba que el accidente automovilístico entre las partes se había debido a la negligencia del co-demandado del Valle Díaz quien, mientras realizaba gestiones de su empleo para el peticionario, invadió el área de rodaje por la cual conducía el demandante-recurrido Ramón Defendini Rodríguez.

En su contestación a la demanda, los co-demandados Rosa López y del Valle Díaz expresaron que para la fecha del accidente existía una póliza de responsabilidad pública expedida por la Corporación Insular de Seguros, pero que esta aseguradora había negado cubierta sobre el accidente.

Luego de varios incidentes procesales, los recurridos solicitaron al foro *a quo* que les permitiera enmendar sus alegaciones para incluir como demandada a la Corporación Insular de Seguros, quien había sido incluida originalmente bajo nombre ficticio. El Tribunal concedió esta solicitud, emplazándose a dicha entidad oportunamente. Poco tiempo después, la Corporación Insular de Seguros se acogió a los beneficios de liquidación provistos por el Código de Seguros de Puerto Rico. Como resultado, el litigio fue paralizado.

La parte recurrida solicitó oportunamente la reapertura del caso. Al reanudarse los procedimientos, la Asociación de Garantía de Seguros Misceláneos compareció como sucesora en interés de la Corporación Insular de Seguros. Alegó que a la fecha de los hechos no había póliza expedida alguna a favor del peticionario Ramón Rosa López. ██

En respuesta a tal contención, el peticionario alegó que pocos días antes de que ocurriese el accidente en cuestión, el día viernes 16 de noviembre de 1990, le había entregado al Sr. Josué González Dávila, agente de la Corporación Insular de Seguros, la suma de trescientos setenta y cinco

dólares ($375.00) para la compra de una póliza de responsabilidad pública para varios vehículos que utilizaba en su negocio, incluyendo el automóvil que luego se vio envuelto en el accidente del día 21 de noviembre de 1990. Alegó, además, que por haberse recibido el pago cerca de las 6:00 p.m. y por ser el 19 de noviembre día feriado, el Sr. González Dávila se había visto precisado a llamar a la casa aseguradora posteriormente, en la fecha laborable más cercana que había tenido disponible para informar de la compra de la póliza. El peticionario alegó también que el Sr. González Dávila había hecho gestiones infructuosas para que la compañía de seguros confiriera efecto a la póliza a partir del día en que se había hecho el pago. En apoyo a su versión de los hechos, el peticionario acompañó una declaración jurada del Sr. González Dávila.

Trabada así la controversia sobre la cubierta de la póliza, el 22 de noviembre de 1994 se celebró una vista evidenciaria para dilucidar este aspecto del caso. Tanto el peticionario como el Sr. González Dávila testificaron en apoyo a la reclamación de la parte recurrida.

El 29 de diciembre de 1994, el Tribunal dictó una Sentencia Parcial concluyendo que al momento del accidente no existía póliza alguna de la Corporación Insular de Seguros y desestimando la demanda en cuanto a dicha parte y a su sucesora en interés, la Asociación de Garantía. El Tribunal determinó que el peticionario Sr. Ramón Rosa López efectivamente había comprado una póliza de seguros para sus vehículos a la Corporación Insular de Seguros el 14 de noviembre de 1989, pero que la misma había sido posteriormente cancelada el 16 de agosto de 1990, por falta de pago de las primas. El Tribunal determinó que luego del accidente el peticionario había remitido el pago de las primas adeudas, por lo que la Corporación Insular de Seguros emitió nueva póliza a su favor el 26 de noviembre de 1990. A la fecha del accidente, sin embargo, no existía cubierta. El Tribunal rechazó la versión del peticionario y del Sr. González. Expresó:

*"Apreciando los testimonios tanto el de Ramón Rosa López como el de Josué González incluyendo la captación del comportamiento de ambos testigos, no le damos crédito a sus declaraciones. Entre las razones que nos llevan a no darle crédito está el inusitado interés de Rosa López a principios de noviembre, no obstante la situación de estrechez económica que admitidamente había producido la cancelación de la primera póliza, en adquirir otra póliza a mediados de noviembre. Este no demostró que su situación económica hubiese cambiado para, cercano a la fecha del accidente obtener una nueva póliza. Además, la versión del Sr. Rosa López de cómo ocurrió la transacción del 16 de noviembre resulta muy distinta a la dada por el Sr. González. Mientras Rosa López menciona que la transacción fue breve y que González se limitó a recoger el dinero, González por su parte expresó en su versión que entregó unos documentos y obtuvo cierta información para llenar formularios... Tampoco resultó convincente la explicación de González de que a pesar de que recibió la prima el 16 de noviembre no fue hasta diez días más tarde que la llevó a la agencia general. Su explicación estuvo basada en que una "monga" le impidió ir a San Juan. Sin embargo, continuó trabajando en gestiones en Caguas. El análisis de la totalidad de los testimonios... nos lleva a concluir que la transacción ocurrió luego de haber ocurrido el accidente."*

El peticionario recurrió de este dictamen al Tribunal Supremo, quien refirió este asunto al Tribunal de Circuito de Apelaciones. Este último foro confirmó la sentencia, al concluir que el recurso del apelante había sido tardío. El dictamen advino, de este modo, final y firme.

Así las cosas, el Tribunal de Primera Instancia procedió a señalar la conferencia con antelación al juicio. En este momento, el peticionario solicitó al Tribunal *a quo* que le autorizara instar una *"acción de tercería"* contra el Sr. González Dávila, bajo la teoría de que éste había actuado de manera negligente al no haber remitido oportunamente a la Corporación Insular de Seguros el pago de las primas supuestamente hecho por el peticionario el 16 de noviembre de 1990. Los recurridos se opusieron a la solicitud de enmienda aduciendo que la misma constituia una táctica dilatoria que el Tribunal no debía permitir.

El peticionario también presentó otro escrito en el cual solicitaba al Tribunal que se le permitiera extender el descubrimiento de la prueba para deponer varios testigos anunciados por los recurridos, evaluar médicamente al Sr. Defendini y para anunciar un documento adicional. Los recurridos similarmente se opusieron a dicha solicitud.

Mediante resolución dictada el 25 de abril de 1996, el Tribunal de Primera Instancia denegó ambas solicitudes. Concluyó que la propuesta controversia que se pretendía suscitar entre el peticionario y el Sr. González había sido previamente adjudicada de forma adversa al peticionario por la sentencia parcial del Tribunal del 29 de diciembre de 1994, por lo que el peticionario estaba colateralmente impedido de presentar su reclamación. El Tribunal estimó que la conducta del peticionario sobre este particular era *"frívola y contumaz"*.

En cuanto a la solicitud de ampliación del proceso de descubrimiento de prueba, el Tribunal observó que los testigos que el peticionario interesaba deponer habían sido anunciados por la parte recurrida desde septiembre de 1994 y que el recurrido Ramón Defendini había estado disponible para evaluación médica desde el comienzo del litigio, sin que el peticionario hubiese expresado su interés de deponer a los primeros o de evaluar médicamente al recurrido sino hasta que se señaló la conferencia con antelación al juicio. El Tribunal permitió, no obstante, la inclusión del documento anunciado por el peticionario.

Insatisfecho con el dictamen citado, el peticionario acudió ante este Tribunal.

## III

En su recurso, el peticionario plantea que el Tribunal de Primera Instancia erró al no permitir su demanda de tercero y al denegar su solicitud para ampliar el descubrimiento de prueba.

Nuestro ordenamiento reconoce distintas situaciones en las que una parte puede verse impedida de presentar alguna reclamación o defensa. El impedimento puede obedecer, por ejemplo, a los actos propios anteriores del actor o a su abuso del derecho. Véanse, e.g., *General Electric Puerto Rico, Inc. v. Concrete Builders of Puerto Rico, Inc.,* 104 D.P.R. 871 (1976); *Berríos v. U.P.R.,* 116 D.P.R. 88 (1985). También existen consideraciones de orden público y de necesidad procesal que impiden que se relitigue no sólo aquello que se litigó sino lo que pudo haberse litigado en una causa anterior. *Rodríguez Rodríguez v. Colberg Comas,* ___ D.P.R. ___ (1992), **92 J.T.S. 102**, a la pág. 9795; *A & P General Contractors v. Asoc. Caná,* 110 D.P.R. 753 (1981); *Zambrana v. Tribunal Superior,* 100 D.P.R. 179 (1971). Se trata de la doctrina de cosa juzgada y su modalidad de impedimento colateral por sentencia.

Estas normas responden al interés social de que se ponga un fin a las controversias jurídicas, y a la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar una misma causa. Véase, *Worldwide Food Distributors, Inc. v. Colón Bermúdez,* ___ D.P.R. ___ (1993), **93 J.T.S. 114**, a la pág. 10,966.

La defensa de cosa juzgada se encuentra codificada en el Artículo 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3343, en el capítulo correspondiente a la prueba de las obligaciones y de su extinción. Toma la forma de una presunción en torno a la verdad de lo determinado por sentencia que sólo resulta refutable cuando la sentencia en cuestión ha sido revocada en revisión. El precepto dispone, en lo pertinente:

Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión.

Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que *"entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, causas, las personas litigantes y la calidad en que lo fueron en el caso resuelto por la sentencia y aquel en que dicha defensa afirmativa sea invocada..."*

El concepto de *"causa"*, dentro del contexto del citado precepto, significa la razón o el motivo de pedir, esto es, *"el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas"*. Manresa, *Comentarios al Código Civil Español,* T. VIII, Vol. II, Madrid, Ed. Reus, 1967, pág. 277. Se considera que existe la necesaria identidad de causas *"cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma"*. *Acevedo Santiago v. Western Digital Caribe, Inc.,* ___ D.P.R. ___ (1996), **96 J.T.S. 42**, a la pág. 880.

En cuanto al requisito de identidad de cosas *"basta que se refiera al mismo asunto, aunque en el uno se abordase totalmente y sólo parcialmente en el otro"*. *Rodríguez Rodríguez v. Colberg Comas,* **92 J.T.S. 102**, a la pág. 9,795; Scaevola, *Código Civil Comentado,* Tomo XX, 2da. ed., 1956, pág. 534.

El requisito de identidad de personas se rige por la doctrina de mutualidad; esto es, se entiende que hay identidad de personas siempre que los litigantes en el segundo pleito sean causahabientes de los que entendieron en el pleito anterior, o estén unidos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones. *Rodríguez Rodríguez v. Colberg Comas*, **92 J.T.S. 102**, a la pág. 9,796. ■

Por último, para que la presunción de cosa juzgada surta efecto se requiere que se haya emitido una sentencia válida que adjudique finalmente la reclamación del demandante. Esto presupone que la sentencia original que luego se invoca en apoyo de la defensa de cosa juzgada haya sido dictada por un tribunal con jurisdicción. *J.R.T. v. Hospital de la Concepción,* 114 D.P.R. 372, 381 (1983).

Nuestro Tribunal Supremo también ha reconocido, como una modalidad de la cosa juzgada, la figura jurídica del impedimento colateral por sentencia. En ésta, se admite como impedimento una determinación judicial final adversa anterior de un hecho que resulta necesario a una reclamación distinta. Esto es, a diferencia de la cosa juzgada, el impedimento colateral por sentencia no requiere una perfecta identidad de causas. *Acevedo Santiago v. Western Digital Caribe, Inc.*, **96 J.T.S. 42**, a la pág. 880; *A & P General Contractors v. Asoc. Caná,* 110 D.P.R. a la pág. 762. La aplicación de la doctrina del impedimento colateral por sentencia está fundada en consideraciones de necesidad y de economía procesal tales como proteger litigantes contra el hostigamiento que conlleva estar sujeto a juicios repetidos sobre la misma controversia, promover la economía judicial al evitar litigios innecesarios y prevenir sentencias inconsistentes. *A & P General Contractors v. Asoc. Caná, supra*, pág. 761.

En los Estados Unidos, las normas de cosa juzgada e impedimento colateral se subsumen bajo los llamados impedimentos de *"claim-preclusion"* e *"issue-preclusion"*. Véanse, e.g., Wright, Miller y Cooper, *Federal Practice and Procedure*, Vol. 18, Minn., West Publishing Co., 1981, secs. 4301-4500, pág. 44; *Restatement, Second, Judgments* §5.17, 26. El impedimento colateral se considera como una instancia del *"issue preclusión"*. Wright, Miller y Cooper, *supra, a la pág. 139, Restatement, Second, Judgments* §17.

Los requisitos para que se pueda levantar esta defensa son los siguientes: a) que un hecho esencial para la resolución de una controversia está presente en ambas acciones, b) que el asunto hubiese sido litigado de forma completa y justa en la acción original, c) que el hecho hubiese sido adjudicado definitivamente en la acción original mediante sentencia final y válida, d) que las partes litigantes sean las mismas o que tengan vínculos de solidaridad o sean causahabientes de las partes en la acción original. Wright, Miller y Cooper, *supra*, pág. 138.

Los impedimentos pueden levantarse en dos formas o modalidades: defensiva y ofensiva. Véase, *A & P General Contractors v. Asoc. Caná, supra*, pág. 758; véanse, además, *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329-330 (1979); *Blonder-Tonque v. University Foundation,* 402 U.S. 313 (1971). Se levanta ofensivamente, cuando un demandante impide al demandado relitigar aquellos asuntos previamente litigados y perdidos frente a otra parte. Se plantea defensivamente por un demandado, para impedir la litigación de un asunto ya planteado y perdido por el demandante en pleito anterior frente a otra parte. En ambos casos, la parte contra la cual se interpone el impedimento ha litigado y ha sido la parte perdidosa en el anterior pleito. *A & P General Contractors v. Asoc. Caná, supra.*

En la situación de autos, el Tribunal de Primera Instancia estimó que el peticionario estaba colateralmente impedido de instar su demanda de tercero en contra del Sr. González Dávila, en vista de la sentencia parcial emitida el 29 de diciembre de 1994. Dicho dictamen, según hemos visto rechazó la versión del peticionario de que le había entregado el pago de las primas adeudadas al Sr. González Dávila el 16 de noviembre de 1990, pocos días antes del accidente que motivó el caso de autos. Esta determinación resulta oponible al peticionario, quien era una de las partes en el caso y quien, de hecho recurrió infructuosamente al Tribunal Supremo de dicha sentencia parcial. El

dictamen del Tribunal, más aún, envolvió un hecho esencial a la reclamación que ahora se pretende ejercitar, el cual fue adjudicado de forma adversa. En estas circunstancias, aunque no existe una perfecta identidad en las causas de acción, coincidimos con la Sala recurrida en que el peticionario está colateralmente impedido de presentar su reclamación.

Acceder a la solicitud del peticionario implicaría relitigar los hechos esenciales concernientes a la existencia de la cubierta y a la alegada responsabilidad de la aseguradora, que ya no es parte en este litigio. Su solicitud de enmienda a la demanda resulta, además, tardía.

Tampoco percibimos base alguna para concluir que el Tribunal hubiese errado al rechazar la solicitud del peticionario para que se le permitiera reabrir el descubrimiento de prueba. Dicha solicitud fue similarmente presentada de forma tardía cuando el caso ya estaba señalado para la conferencia con antelación al juicio, habiendo contado el peticionario con una amplia oportunidad de hacer uso de los mecanismos de descubrimiento de prueba sin que hubiese actuado. En ausencia de un claro abuso de discreción, *"el buen discernimiento, el buen sentido y la buena discreción de los jueces de instancia en el manejo y tramitación de los asuntos judiciales no ha de sufrir menoscabo en nuestro foro"*. *Ortiz Rivera v. Agostini,* 92 D.P.R. 187 (1965).

Por los fundamentos anteriormente expuestos se declara sin lugar el recurso de *certiorari* y se devuelve el caso al Tribunal de Instancia para que continúe con los procedimientos.

Concluimos, al igual que lo hizo el Tribunal de Primera Instancia, que la conducta del peticionario resulta frívola y contumaz. Se le impone al peticionario, Sr. Ramón Rosa López y/o a su abogado, la suma de trescientos dólares ($300.00) por concepto de honorarios de abogado, a favor de la parte recurrida.

Lo pronunció el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 96 DTA 139**

**1.** La parte peticionaria no acompaña copia de su escrito original en el caso, así como de algunos otros documentos esenciales requeridos para la adjudicación del recurso, en violación a lo dispuesto por la Regla 34, inciso E del Reglamento de este Tribunal del 1 de mayo de 1996.

**2.** La parte peticionaria tampoco acompaña las alegaciones presentadas por dicha parte, así como la réplica a las mismas presentada por los recurridos y/o por el peticionario.

**3.** Esta disposición la complementa el Artículo 421 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1793, que establece, en lo pertinente, que una sentencia o decreto definitivo en una acción o un procedimiento especial ante un tribunal o un juez de Puerto Rico o de los Estados Unidos *"será concluyente entre las partes y sus sucesores en interés por título adquirido posteriormente al comienzo de la acción o del procedimiento especial, las cuales estuvieren litigando por la misma cosa, bajo el mismo título y en el mismo carácter, siempre que tuvieran noticia expresa o tácita de estarse substanciando la acción o procedimiento."*