ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| CRISTINA MARÍA TUFIÑO FERNÁNDEZ T/C/C MARÍA TUFIÑO PALMER T/C/C CRISTINA TUFIÑO PALMER<br><br>Parte Apelante<br><br>v.<br><br>MARÍA DEL PILAR FERNÁNDEZ ORDÓÑEZ<br><br>Parte Apelada | KLAN202401012 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: SJ2023CV04579<br><br>Sala: 803<br><br>Sobre: Nulidad de Sentencia |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Compareció la parte apelante, Sra. Cristina María Tufiño Fernández t/c/c María Tufiño Palmer t/c/c Cristina Tufiño Palmer (en adelante, "Apelante" o "señora Tufiño Fernández"), mediante recurso de *Apelación* presentado el 12 de noviembre de 2024. Nos solicitó la revocación de la *Sentencia de Desestimación* que emitió el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, "TPI"), el 30 de septiembre de 2024, notificada y archivada en autos el 2 de octubre de 2024. En el referido dictamen, el foro primario desestimó la "**Demanda**" que presentó la Apelante por constituir cosa juzgada.

Por los fundamentos que expondremos a continuación, se *confirma* la *Sentencia* apelada.

**I.**

La controversia que tenemos ante nuestra consideración tuvo su origen el 25 de enero de 2019, cuando el TPI emitió una *Sentencia Sumaria* parcial que decretó nulas tres (3) cláusulas del testamento otorgado por la Sra. María

Número Identificador:
SEN2024_____

del Pilar Ordóñez Mercado (en adelante, la "señora Ordóñez Mercado").[1] Surge de los autos que en dichas cláusulas, cinco (5), seis (6) y ocho (8) del testamento, la señora Ordóñez Mercado manifestó su intención de desheredar a su hija, la Sra. María del Pilar Fernández Ordóñez (en adelante, "Apelada" o "señora Fernández Ordóñez"), por causa del abandono de su nieta, la Apelante, a quien instituyó como su única y universal heredera de todos sus bienes.

En la octava (8) cláusula, dispuso que, en caso de que la Apelada impugnara el testamento, la señora Fernández Ordóñez debía colacionar la cantidad que ella invirtió en la educación de la señora Tufiño Fernández antes de recibir su participación hereditaria. El foro de instancia determinó que no procedía colacionar la suma de doscientos sesenta mil dólares ($260,000.00), por ser la Apelada la única heredera forzosa que concurría a la herencia. A su vez, decretó nulas las cláusulas de desheredación y colación.

Insatisfecha con lo resuelto, la Apelante presentó un recurso de apelación ante este Tribunal intermedio. Evaluados los méritos del recurso, un Panel Hermano acogió la apelación como un recurso de *certiorari* y confirmó la determinación recurrida mediante *Sentencia* notificada el 16 de abril de 2019.[2] De esta decisión, la Apelante no recurrió al Tribunal Supremo de Puerto Rico. En consecuencia, el dictamen advino final y firme.

El 17 de mayo de 2023, y aún pendiente de resolver ante el TPI el primer pleito[3], la Apelante presentó la "**Demanda**" en el pleito que nos ocupa sobre nulidad de sentencia, al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.[4] Expuso que la *Sentencia Sumaria* parcial emitida en el caso núm. GR2018CV00158 era contraria a derecho, pues existían controversias materiales de hechos específicos que ameritaban su dilucidación mediante la celebración de un juicio en su fondo. Además, arguyó que la decisión le violó su derecho a un debido proceso de ley, por no permitirle examinar la evidencia en su contra y negarle la oportunidad de ser

---

[1] *Véase* el Apéndice 1 en el recurso de la Apelante, págs. 22-33.
[2] Íd., págs. 35 a la 54.
[3] Caso Núm. GR2018CV00158.
[4] Apéndice 1 de la Apelante, págs. 2-33.

oída y, en consecuencia, privarla de parte de su herencia. Por consiguiente, solicitó que se dejara sin efecto la *Sentencia Sumaria* dictada en el caso núm. GR2018CV00158 por ser nula, se reestableciera la validez de la totalidad de las cláusulas testamentarias y se condenara a la señora Fernández Ordóñez al resarcimiento de $10,000.00, por concepto de costas, gastos y honorarios de abogado.

En su "**Contestación a la Demanda**", la Apelada sostuvo que la acción incoada por la señora Tufiño Fernández era "un recurso de revisión disfrazado como nueva demanda independiente", en el que hace los mismos planteamientos de derecho que expuso en el caso núm. GR2018CV00158.[5] Añade que estas alegaciones ya fueron litigadas y resueltas mediante la *Sentencia Sumaria* parcial que emitió el TPI el 25 de enero de 2019, y confirmada por este Tribunal intermedio en la *Sentencia* de 26 de abril de 2019.[6] Entiende que la Apelante tuvo la oportunidad de recurrir al Tribunal Supremo para hacer sus planteamientos, pero renunció a ese derecho. Por tanto, concluye que la controversia presentada es cosa juzgada.

Después de varios trámites judiciales, el TPI emitió una *Sentencia de Desestimación*, notificada el 2 de octubre de 2024, en la que resolvió que las alegaciones que presentó la Apelante no son nuevas y ya fueron adjudicadas mediante la *Sentencia Sumaria* parcial del 25 de enero de 2019, que posteriormente fue confirmada por este foro apelativo intermedio.[7] Por ende, concluyó que los argumentos pretenden atacar colateralmente los méritos de una sentencia que advino final y firme y no proceden bajo el procedimiento de relevo de sentencia que dispone la Regla 49.2 de Procedimiento Civil, *supra*. Por consiguiente, desestimó la "**Demanda**" por constituir cosa juzgada.

Oportunamente, la Apelante presentó una "**Moción de Reconsideración y/o Relevo de Sentencia Bajo la Regla 49.2**".[8] Después

---

[5] Véase Apéndice 32 en el recurso de la Apelante, págs. 157-182.
[6] Caso KLAN201900255.
[7] Véase Apéndice 62 en el recurso de la Apelante, págs. 329-337.
[8] Íd., Apéndice 63, págs. 339-343.

de examinar los méritos de la petición, el tribunal *a quo* sostuvo su determinación y decretó "**No Ha Lugar**" la solicitud.[9]

Aún inconforme, la Apelante acudió ante este Tribunal intermedio mediante el recurso de epígrafe en el que señaló los siguientes errores:

> **Erró el Tribunal de Primera Instancia, Sala de Caguas al interpretar de manera restrictiva la Regla 49.2 de Procedimiento Civil, no permitiendo que los alegatos de violación del debido proceso fueran plenamente evaluados para considerar la nulidad de la sentencia previa.**

> **Erró el Tribunal de Primera Instancia al no reconocer la violación del debido proceso de ley, privando a Cristina María Tufiño Fernández de una oportunidad adecuada para presentar y desarrollar pruebas y argumentos que podrían haber influido en los resultados de las decisiones testamentarias.**

> **Erró el Tribunal al aplicar de manera incorrecta la doctrina de cosa juzgada, al considerar que los asuntos presentados en la demanda de nulidad de sentencia eran idénticos a los ya litigados, sin reconocer diferencias legales significativas.**

> **Erró el Tribunal al denegar la solicitud de enmienda de la demanda, impidiendo la incorporación de argumentos adicionales sobre la indignidad de la demanda que podrían haber fundamentado el caso de la apelante de manera decisiva.**

> **Erró el Tribunal al desestimar de manera impropia la alegación de enriquecimiento injusto, sin un análisis adecuado de cómo esta situación afectó el patrimonio dejado por la testadora para el beneficio educativo de su nieta.**

> **Erró el Tribunal al no evaluar de modo exhaustivo el contexto familiar y las posibles causas justas relevantes en la decisión de la testadora de desheredar a María del Pilar Fernández Ordóñez, lo que podría haber influido en la aplicación del derecho de herencia y sucesión aplicable.**

El 4 de diciembre de 2024, la señora Fernández Ordóñez presentó su alegato en oposición.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

## A.

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es el mecanismo procesal que permite al foro primario relevar a una parte de una sentencia, orden o procedimiento cuando esté presente alguno de los fundamentos que dispone dicha regla. SLG Rivera-Pérez v. SLG Díaz-Doe et al., 207 DPR 636, 657 (2021).

---

[9] Íd., Apéndice 64, pág. 370.

En particular, la regla establece que mediante la presentación de una moción bajo la referida norma, el tribunal podrá relevar a una parte de una sentencia, orden o procedimiento por las siguientes razones: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de Procedimiento Civil; (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa; *(d) nulidad de la sentencia;* (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Íd.

A su vez, la norma procesal también establece lo siguiente:

[…]

La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta regla no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para: (1) Conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento; (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y (3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Mientras esté pendiente una apelación o un recurso de *certiorari* de una resolución final en procedimiento de jurisdicción voluntaria, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea inconsistente con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado y, si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación en solicitud del referido permiso. Íd.

Generalmente, el foro judicial posee discreción para evaluar estos factores y determinar si procede relevar a una parte de los efectos de una sentencia, excepto en los casos de nulidad o cuando la sentencia ha sido

satisfecha. A su vez, como norma general, las mociones de relevo de sentencia deben presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia. HRS Erase v. CMT, 205 DPR 689, 698 (2020). No obstante, si una sentencia es nula el término de seis meses no aplica. SLG Rivera-Pérez v. SLG Díaz-Doe et al., *supra*, pág. 657.

Por otra parte, una interpretación liberal de la citada Regla 49.2 de Procedimiento Civil, *supra,* permite examinar una moción de reconsideración como de relevo de sentencia, aun después de haber transcurrido el término para presentar la reconsideración o aun después de haber advenido final y firme la sentencia, cuando dicha moción cumpla con los requisitos que dispone la norma procesal. Vázquez v. López*,* 160 DPR 714, 726 (2003). Ello así, ya que una solicitud de relevo no interrumpe el término para recurrir en alzada, conforme a la Regla 52.2 (e) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (e). Pagán v. Alcalde Mun. Cataño*,* 143 DPR 314, 328 (1997).

Por último, al evaluar el alcance de la Regla 49.2 de Procedimiento Civil, *supra,* el Tribunal Supremo ha manifestado que, pese a su interpretación liberal, ésta no puede entenderse como sustitutiva de los recursos de revisión o reconsideración. Piazza v. Isla del Río, Inc., 158 DPR 440, 449 (2003); Pagán v. Alcalde Mun. Cataño, *supra*, pág. 327; Olmeda Nazario v. Sueiro Jiménez, 123 DPR 294, 299 (1989). Al respecto, ha expresado que utilizar el mecanismo de relevo de sentencia para extender indirectamente el término para recurrir en alzada, atentaría contra la estabilidad y certeza de los procedimientos judiciales. Pagán v. Alcalde Mun. Cataño, *supra*, pág. 328.

**B.**[10]

La doctrina de cosa juzgada emerge del derogado Artículo 1204 del Código Civil de Puerto Rico, 31 LPRA sec. 3343, y del Artículo 421 del Código de Enjuiciamiento Civil, 32 LPRA sec. 1793. El fin ulterior que persigue es que los litigios no tengan vida eterna en los tribunales y no sujetar a las partes a

---

[10] Debido a que los hechos que originan el pleito ante nuestra consideración ocurrieron antes de la aprobación del nuevo Código Civil de 2020, procede la aplicación de las normas contenidas en el Código Civil de 1930, ya derogado.

los inconvenientes que representa litigar asuntos que fueron adjudicados o que pudieron serlo. Zambrana v. Tribunal Superior, 100 DPR 179, 181 (1971).

La aplicabilidad de esta defensa va a depender de que "concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron". Art. 1204 del Código Civil, 31 LPRA sec. 3343; Ortiz Matías v. Mora Dev., 187 DPR 649, 655 (2013). Entiéndase, para que proceda la defensa de cosa juzgada deben concurrir los siguientes requisitos: (1) una sentencia final en sus méritos en una reclamación previa; (2) que las partes en ambos pleitos sean las mismas y litiguen en la misma calidad; y (3) que las causas de acción en ambos casos sean iguales. Acevedo v. Western Digital Caribe, Inc., 140 DPR 452, 465 (1996). Es importante precisar que, de cumplirse con los requisitos antes señalados, **no sólo los asuntos litigados y adjudicados son considerados cosa juzgada, sino también aquellas cuestiones que pudieron haberse litigado y adjudicado con propiedad, aun cuando no fueron planteada***s***. (Énfasis suplido). AAA v. UIA, 199 DPR 638, 662 (2018); Mun. de San Juan v. Bosque Real S.E., 158 DPR 743, 769 (2003).

**III.**

En vista del resultado alcanzado, discutiremos en conjunto los primeros tres errores señalados. Bajo el mismo fundamento, es innecesario entrar a dirimir los últimos tres errores.

La señora Tufiño Fernández afirma que el TPI desestimó incorrectamente la "**Demanda**" sobre nulidad de sentencia que presentó. Asegura que el TPI ignoró las distinciones clave entre los hechos del reclamo desestimado y "los planteamientos doctrinales previamente decididos por tribunales de mayor jerarquía". Para la Apelante, los argumentos expuestos en su "**Demanda**" "no se centraba en la mera repetición de los mismos hechos, sino en la introducción de un nuevo motivo legal: la alegación de indignidad de su madre como base para establecer porque, […], la Demandada- Apelada era incapaz de suceder a su madre". Entiende que esta es una causa de acción distinta, "**aunque relacionada a las conductas y**

**situaciones concretas que no fueron adecuadamente evaluadas en el juicio anterior**".[11]

A su vez, argumenta que se le privó de un juicio justo y correcto conforme al debido proceso de ley. En su opinión, la desestimación de su caso al palio de la doctrina de cosa juzgada limitó su oportunidad de presentar evidencias esenciales que apoyaban su posición en cuanto a la indignidad de su progenitora. Arguye que el foro de instancia erró al no permitirle enmendar su "**Demanda**", de forma tal que pudiera presentar evidencia que fortalecía su posición sobre la causa de indignidad. Por ende, sostiene que el TPI le violentó su derecho a un debido proceso de ley, al no considerar y examinar cuidadosamente su caso.

Por su parte, la señora Fernández Ordóñez sostiene su posición en cuanto a que la señora Tufiño Fernández pretende, al amparo de la Regla 49.2 (d), *supra*, un nuevo turno al bate para reabrir la controversia que ya fue decidida y adjudicada en el caso GR2018CV00158, y exponer planteamientos que no hizo durante dicho pleito. Alude a que, en el presente pleito, así como en el recurso de apelación que nos ocupa, la Apelante repite planteamientos de derecho ya litigados o que debieron ser planteados por ésta en el caso núm. GR2018CV00158. Veamos.

Examinadas las posiciones de las partes y cuidadosamente el expediente, resolvemos que a la Apelante no le asiste la razón.

Ciertamente, la doctrina es clara al establecer que el remedio provisto por la Regla 49.2, *supra*, "no es una llave maestra para reabrir a capricho el pleito ya adjudicado […]". Ríos v. Tribunal Superior, *supra*, pág. 794. Mediante su nuevo reclamo, la señora Tufiño Fernández pretende impugnar la validez de la *Sentencia Sumaria* del 25 de enero de 2019 y levantar asuntos sustantivos que debió plantear ante el TPI y posteriormente ante este foro apelativo. Cabe recalcar que las cuestiones relativas a la validez de las cláusulas que fueron declaradas nulas en la acción original y confirmadas por este Tribunal en el caso núm. KLAN201900255, advinieron finales y firme y

---

[11] *Véase*, Recurso de Apelación, pág. 15 (énfasis suplido).

constituyen la ley del caso núm. GR2018CV00158. Lo que implica que no pueden reexaminarse una vez transcurrido el término para su reconsideración. Cacho Pérez v. Hatton Gotay y otros, *supra*.

Por consiguiente, la Apelante no puede ahora, bajo el subterfugio de la solicitud de relevo de sentencia por nulidad en una acción independiente, solicitar, cuatro (4) años después, la revisión de errores en la valoración de la prueba y aplicación del derecho del primer pleito. Esta pudo presentar un recurso de apelación ante el Tribunal Supremo y no lo hizo.

Reiteramos, la Apelante tuvo oportunidad de presentar sus argumentos sobre los alegados errores cometidos por el TPI en el primer pleito y levantar el asunto de la indignidad de su progenitora que, como expresamos, debió presentar ante el foro primario o en el recurso de apelación del pleito original. Por ende, no erró el foro primario al desestimar la acción por cosa juzgada.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *confirmamos* la *Sentencia de Desestimación* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones