ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| MARILYN SALGADO APONTE, NELSON JOSÉ LOJO OTERO, IRMAGART COLLAZO JIMÉNEZ, GIOVANI JAVIER TORRES RAMOS, VIVIAN E. FLORES MERCED, ABIGAIL ROSARIO RIVERA, LUIS RODRÍGUEZ BOSA<br><br>Parte Recurrida<br><br><br>v.<br><br><br>SECNI MOTOR, LLC H/N/C AUTO GRUPO PUERTO RICO; AUTO GRUPO CHRYSLER; FIAT DE SAN JUAN; AUTO GRUPO FORD DE BAYAMÓN; AUTO GRUPO FIAT Y AUTO GRUPO NISSAN; **MOTORAMBAR, INC.** H/N/C AMBAR INFINITY Y/O INFINITY; AMBAR MOTORS DE PUERTO RICO, INC. H/N/C AMBAR INFINITY Y/O INFINITY; ALBERIC CHRYSLER JEEP DODGE PLYMOUTH, INC.; ALBERIC MOTORS CORP.; COMPAÑÍAS DE RESPONSABILIDAD LIMITADA, DESCONOCIDAS; CORPORACIONES X, Y, Z; COMPAÑÍAS ASEGURADORAS A, B Y C; JOHN DOE Y RICHARD ROE<br><br>Parte Peticionaria | TA2026CE00438 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br><br>Caso Núm.: SJ2025CV08507<br><br><br>Sala: 1003<br><br><br>Sobre: Acción de Clase, Cobro de Dinero, Cobro de lo Indebido, Enriquecimiento Injusto; Daños y Perjuicios; Sentencia Declaratoria; Daños Punitivos |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de abril de 2026.

Compareció ante este Tribunal la parte peticionaria, Motorambar, Inc.

(en adelante, "Motorambar"), mediante recurso de *certiorari* presentado el

10 de abril de 2026. Nos solicitó la revocación de la *Resolucion* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"), el 9 de febrero de 2026. Mediante el aludido dictamen, el foro recurrido declaró "No Ha Lugar" la "**Comparecencia Especial en Solicitud a Desestimación por Cosa Juzgada**" presentada por Motorambar.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* ante nos.

## I.

El caso de autos tuvo su origen el 19 de septiembre de 2025, cuando la Sra. Marilyn Salgado Aponte, la Sra. Irmagart Collazo Jiménez, el Sr. Giovani Javier Torres Ramos, la Sra. Vivian E. Flores Merced, la Sra. Abigail Rosario Rivera y el Sr. Luis Rodríguez Bosa presentaron una "**Demanda**" sobre cobro de dinero, enriquecimiento injusto, daños y perjuicios y sentencia declaratoria contra SECNI Motor, LLC h/n/c Auto Grupo Puerto Rico, Auto Grupo Chrysler, FIAT de San Juan, Auto Grupo Ford de Bayamón, Auto Grupo Fiat, Auto Grupo Nissan, Alberic Chrysler Jeep Dodge Plymouth, Inc., Alberic Motors, Corp., Motorambar y otros codemandados de nombres desconocidos. Mediante la misma, alegaron que varias concesionarias de ventas de vehículos de motor cobraban sumas adicionales al precio de venta de los mismos bajo conceptos tales como tablilla, *documents fee*, *dealer fee*, registro, traspaso, entrega o cargos administrativos, requiriendo su pago por adelantado como condición para perfeccionar la compraventa y entregar la unidad. Sostuvieron que dichas cantidades excedían lo realmente requerido por el Departamento de Transportación y Obras Públicas (en adelante, "DTOP") y otras agencias gubernamentales, por lo que constituían cobros ilegales retenidos indebidamente por las demandadas.

En cuanto a Auto Grupo, indicaron que la Sra. Salgado Aponte adquirió el 22 de septiembre de 2021 un vehículo Nissan Kicks, año 2021, por el cual se le requirió el pago de $217.64 por concepto de tablilla y $337.16 por *document fee*. Adujeron que el importe real relacionado con derechos anuales, ACAA, renovación y seguro obligatorio usualmente

fluctuaba entre $184.00 y $220.00, por lo que el exceso cobrado ascendía a $370.80. Asimismo, alegaron que Auto Grupo llevaba años cobrando cantidades similares en exceso a múltiples consumidores.

Respecto a Alberic Chrysler Jeep Dodge Plymouth, Inc. y Alberic Motors, Corp., expresaron que entre los años 2019 y 2022 diversas personas adquirieron vehículos y se les impusieron cargos adicionales improcedentes. En detalle, alegaron que el Sr. Luis A. Rodríguez Bosa adquirió el 11 de julio de 2019 una RAM 1500 y pagó $799.00, desglosados en $164.00 por "Tab" y $635.00 por "Adm fee". Señalaron que la Sra. Vivian Enid Flores Merced adquirió el 12 de abril de 2022 un Mitsubishi Mirage y pagó $889.00 por concepto de tablilla. De igual forma, relataron que la Sra. Abigail Rosario Rivera adquirió el 17 de octubre de 2022 un Mitsubishi Outlander Sport usado y pagó $628.00 por conceptos descritos como *document fee* y traspaso. Así pues, sostuvieron que el total retenido indebidamente por Alberic ascendía a $2,316.00.

En cuanto a Motorambar, argumentaron que dicho concesionario también exigía pagos por tablilla y *documents fees* en exceso de las cantidades reales requeridas para licencias vehiculares. Específicamente, indicaron que el Sr. Nelson José Lojo Otero adquirió en 2018 un vehículo Infiniti Q60 y pagó $588.50 por dichos conceptos, pese a que los costos reales rondaban los $180.00. Igualmente, resaltaron que la Sra. Irmagart Collazo Jiménez adquirió el 11 de febrero de 2021 un Infiniti QX50 y pagó $588.50. Asimismo, informaron que el Sr. Giovani Javier Torres Ramos adquirió el 27 de marzo de 2021 un Infiniti Q60 y también pagó $588.50. Alegaron que el total retenido indebidamente por Motorambar ascendía aproximadamente a $1,765.60.

En vista de lo anterior, le solicitaron al TPI que: (1) el pleito fuese certificado como uno de clase, así como la certificación de subclases denominadas "Tablilla" y "Cargos No Detallados"; (2) ser nombrados representantes de la clase; (3) se imponga el pago de varias sumas en daños, incluyendo $15,500,000.00 contra Auto Grupo, $20,000,000.00 contra Alberic y $20,000,000.00 contra Motorambar y (4) dicte sentencia

declarando ilegal el cobro adicional por tablilla y otros cargos no detallados. Además, solicitaron intereses, costas y honorarios de abogado.

Posteriormente, el 4 de noviembre de 2025, Motorambar presentó una moción intitulada "**Comparecencia Especial en Solicitud de Desestimación Parcial por Cosa Juzgada**" (en adelante, "Moción de Desestimación". En resumen, alegó que los Recurridos eran las mismas personas que previamente intentaron incluir reclamaciones contra dicha parte en otro pleito de clase pendiente ante el TPI, caso núm. SJ2017CV00982. Especificó que en el mencionado caso el foro de instancia había denegado su inclusión mediante *Resolución* emitida el 24 de enero de 2024, luego de que se solicitara permiso para presentar una cuarta demanda enmendada.

En respuesta a lo anterior, el 11 de noviembre de 2025, los Recurridos presentaron su "**Oposición a Comparecencia Especial en Solicitud de Desestimación Parcial por Cosa Juzgada**" (en adelante, "Oposición") mediante la cual argumentaron que la doctrina de cosa juzgada no aplicaba por inexistencia de identidad de partes, ya que nunca llegaron a ser parte del pleito anterior precisamente porque el Tribunal denegó su incorporación. Asimismo, sostuvieron que tampoco procedía la consolidación de ambos casos, pues la determinación previa que les impidió intervenir era final y firme. Además, calificaron la solicitud de Motorambar como una maniobra dilatoria y hostigante, por lo que solicitaron la imposición de sanciones económicas.

Más adelante, el 14 de noviembre de 2025, Motorambar presentó su "**Réplica a Oposición a Comparecencia Especial en Solicitud de Desestimación Parcial por Cosa Juzgada**" (en adelante, "Réplica") en la que reiteró sus planteamientos y destacó que la *Resolución* de 24 de enero de 2024 nunca fue revisada mediante recurso de *certiorari* ante este foro intermedio. En respuesta a ello, el 18 de noviembre de 2025, los Recurridos presentaron la correspondiente "**Dúplica a Réplica a Oposición a Comparecencia Especial en Solicitud de Desestimación Parcial por Cosa Juzgada**" (en adelante, "Dúplica") en la que insistieron nuevamente en su postura.

Evaluados los escritos de las partes, el 9 de febrero de 2026, el TPI emitió *Resolución* declarando "No Ha Lugar" la *Moción de Desestimación* por cosa juzgada. Inconforme, Motorambar presentó una "**Moción de Reconsideración**" el 20 de febrero de 2026. No obstante, el 9 de abril de 2026 el foro primario declaró "No Ha Lugar" dicha petición.

Inconforme con lo anteriormente resuelto, el Peticionario acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló los siguientes errores:

1. Erró el Honorable TPI al dictar su Resolución del 9 de febrero de 2026, declarando No Ha Lugar la Comparecencia Especial en Solicitud de Desestimación Parcial por Cosa Juzgada radicada por la parte demandada-peticionaria Motorambar, y no desestimar la Demanda Enmendada en su contra.

2. Erró el Honorable TPI en su Resolución del 9 de febrero de 2026, al no interpretar correctamente las defensas de cosa juzgada y prescripción, e inclusive interpretar que los demandantes contra Motorambar "presentaron" una demanda enmendada en el pleito de clase original, caso SJ2017CV00982.

El 15 de abril de 2026, los señores Nelson José Lojo Otero, Irmagart Collazo Jiménez y Giovani Javier Torres Ramos presentaron su "**Oposición a Expedición del Recurso de *Certiorari***".

Con el beneficio de la comparecencia de dichas partes y habiendo transcurrido el plazo reglamentario para que el restante de las partes recurridas presentase sus posturas, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de

Puerto Rico v. Gómez Alayón, 213 DPR 314, 336 (2023). Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023). En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

La Regla 10.2 de Procedimiento Civil y su jurisprudencia interpretativa le confiere al demandado la oportunidad de presentar cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) que las alegaciones del demandante dejan de exponer una reclamación que justifique la concesión de un remedio; y (6) la falta de una parte indispensable. 32 LPRA Ap. V., R. 10.2; Inmobiliaria Baleares, *et al*. v. Benabe *et al*., 214 DPR 1109 (2024).

Al considerar una moción para desestimar una demanda por ésta dejar de exponer una reclamación que justifique la concesión de un remedio, debe ser evaluada de forma crítica. íd. pág. 19. Ello, puesto que el tribunal está obligado a tomar como ciertos los hechos bien alegados en la

demanda. Hecha esta salvedad, el Tribunal interpretará las aseveraciones de la demanda en la forma más favorable para el demandante formulando en su favor todas las inferencias que puedan asistirle. Rivera Sanfeliz, *et al.* v. Jta. Dir. First Bank, 193 DPR 38, 49 (2015). De igual forma, nuestro más alto foro ha establecido que:

> [A] los fines de disponer de una moción de desestimación, estamos obligados a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. Para prevalecer, el promovente de la moción tiene que demostrar que, aun así, la demanda no expone una reclamación que justifique la concesión de un remedio. Esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. Pressure Vessels PR v. Empire Gas PR, 137 DPR 497, 505 (1994).

Sobre este asunto, el Dr. José Cuevas Segarra expone que "[e]n la moción de desestima[ción] no se trata de poner en duda los hechos alegados en la demanda, sino atacarla por un vicio intrínseco, por ejemplo: insuficiencia, ausencia de parte indispensable, [o] falta de jurisdicción". J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones JTS, San Juan, Tomo I, 2000, pág. 275.

En fin, "la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación". Pressure Vessels PR. v. Empire Gas P.R., *supra*, pág. 505. Consecuentemente, se debe considerar si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida. El Día, Inc. v. Mun. de Guaynabo, 187 DPR 811, 821 (2013); Consejo Titulares v. Gómez Estremera, 184 DPR 407, 423 (2012).

Relacionado con lo anterior, la jurisprudencia ha identificado casos que contienen elementos subjetivos, de intención, propósitos mentales o negligencia. A saber, "controversias en las que el factor credibilidad juega un papel esencial, si no decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo". Rosario Ortiz v. Nationwide Mutual Insurance Co., 158 DPR 775, 780-81 (2003). A esos efectos, "la privación a un litigante de su 'día en corte'

es una medida procedente sólo en casos extremos y que debe usarse solamente en casos claros. Íd., pág. 780.

**C.**

La doctrina de cosa juzgada emerge del derogado Artículo 1204 del Código Civil de Puerto Rico, 31 LPRA sec. 3343, y del Artículo 421 del Código de Enjuiciamiento Civil, 32 LPRA sec. 1793. El fin ulterior que persigue es que los litigios no tengan vida eterna en los tribunales y no sujetar a las partes a los inconvenientes que representa litigar asuntos que fueron adjudicados o que pudieron serlo. Zambrana v. Tribunal Superior, 100 DPR 179, 181 (1971).

La aplicabilidad de esta defensa va a depender de que "concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron". Art. 1204 del Código Civil, 31 LPRA sec. 3343; Ortiz Matías v. Mora Dev., 187 DPR 649, 655 (2013). Entiéndase, para que proceda la defensa de cosa juzgada deben concurrir los siguientes requisitos: (1) una sentencia final en sus méritos en una reclamación previa; (2) que las partes en ambos pleitos sean las mismas y litiguen en la misma calidad; y (3) que las causas de acción en ambos casos sean iguales. Acevedo v. Western Digital Caribe, Inc., 140 DPR 452, 465 (1996). Es importante precisar que, de cumplirse con los requisitos antes señalados, no sólo los asuntos litigados y adjudicados son considerados cosa juzgada, sino también aquellas cuestiones que pudieron haberse litigado y adjudicado con propiedad, aun cuando no fueron planteada*s*. AAA v. UIA, 199 DPR 638, 662 (2018); Mun. de San Juan v. Bosque Real S.E., 158 DPR 743, 769 (2003) (énfasis suplido).

**III.**

En el presente caso, el Peticionario nos solicitó la revocación de la *Resolución* del TPI a través de la cual se declaró "No Ha Lugar" la *Moción de Desestimación.*

Los señalamientos de error esgrimidos guardan estrecha relación entre sí, por lo que procede atenderlos de manera conjunta. En síntesis, el Peticionario sostiene que el TPI erró al: (1) no desestimar la "**Demanda**

**Enmendada**" interpuesta en su contra y al (2) no interpretar correctamente las defensas de cosa juzgada y prescripción.

Tras una evaluación detenida del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido, encontramos que el TPI no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco el Peticionario demostró que el foro de instancia actuó con prejuicio o cometiera un error manifiesto en su determinación.

Ello adquiere especial pertinencia en el presente caso, toda vez que del expediente surge que las controversias planteadas por el Peticionario descansan en incidencias procesales acontecidas en el caso civil bajo el alfanumérico SJ2017CV00982. En dicho pleito, el foro de instancia rechazó la incorporación de los Recurridos mediante una cuarta demanda enmendada, al concluir que la petición fue presentada tardíamente y que su autorización trastocaría etapas procesales previamente culminadas, sin que ello constituyera una adjudicación en los méritos de sus reclamaciones. En consecuencia, no concurre la identidad de partes ni existe dictamen final sobre los méritos del caso en el que los Recurridos fueran parte, los cuales son requisitos indispensables para la aplicación de la doctrina de cosa juzgada.

De igual manera, tampoco prospera la defensa de prescripción, ya que las reclamaciones fueron instadas dentro del término legal aplicable, luego de la correspondiente interrupción del término prescriptivo cuando se presentó la cuarta demanda enmendada en el caso núm. SJ2017CV00982 y se denegara su comparecencia en el aludido pleito por parte del foro de instancia el 24 de enero de 2024.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la determinación judicial recurrida y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones